STATE OF MISSOURI at the Relation of SOUTHERN RAILWAY COMPANY, a Corporation, Relator, v. WALDO C. MAYFIELD, Judge of the Circuit Court of the City of St. Louis, Missouri, and His Successors, as Presiding Judge of Said Court, Respondent.

STATE OF MISSOURI ex rel. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, a Corporation, Relator, v. THE HONORABLE DAVID J. MURPHY, Judge of the Circuit Court of the City of St. Louis, Missouri, and His Successors, as Presiding Judge of Said Court, Respondent, Nos. 41461 and 41558—240 S. W. (2d) 106.

Court en Banc, May 14, 1951.

Rehearing Denied, June 11, 1951.

102

*Fred W. Schwarz* and *Bruce A. Campbell* for relator Southern Railway Company; *Fordyce, Mayne, Hartman, Renard & Stribling, Kramer, Campbell, Costello & Wiechert; H. G. Hedrick* of counsel. *John H. Lathrop* and *Sam D. Parker* for relator Atchison, Topeka & Santa Fe Railway Company.

*Joseph B. McGlynn* and *Roberts P. Elam* for respondent Waldo C. Mayfield, Judge; *Harvey B. Cox* and *Roberts P. Elam* for respondent David J. Murphy, Judge; *Jerome F. Duggan, William F. Smith* and *Cox & Cox* of counsel.

VANDEVENTER, SPECIAL JUDGE.—These are two original proceedings in mandamus, seeking to compel two trial courts in the City of St. Louis to exercise discretion in ruling upon motions to dismiss under the doctrine of forum non conveniens. Each of these cases in St. Louis was brought under the Federal Employers' Liability Act. (45 U. S. C. A. Sec. 51 et seq.)

 The first case there was filed by Lelia M. Blevins, Administratrix of her husband's estate, seeking to recover $100,000 for his death. She was a resident of Tennessee, was appointed administratrix by the appropriate county court of Tennessee, her deceased husband had been a resident of Tennessee, and the alleged act of negligence occurred near the boundary between the states of Virginia and Tennessee, some 700 miles from St. Louis. The defendant, Southern Railway Company, was a Virginia Corporation.

The second case filed in the circuit court of the City of St. Louis was by Floyd P. Seachris. He was a citizen of Oklahoma, and the defendant in that suit, the Atchison, Topeka and Santa Fe Railway Company, was a Kansas corporation. The alleged injuries, for which he sought damages in the sum of $100,000.00 occurred at Waynoka, Oklahoma, approximately 647 miles from St. Louis.

Each of the defendants in these cases maintained agents in the City of St. Louis upon whom lawful service could be and was had. In each of these cases, a motion was filed to dismiss the actions on the ground of an inappropriate forum within the doctrine of forum non conveniens. In the case against the Southern Railway Company, the trial court made the following order:

"Defendant's motion to dismiss upon the ground of forum non conveniens denied upon the sole ground that in the opinion of the Court, the Court has no jurisdiction or discretion to entertain or grant such a motion."

A similar order was made in the case against The Atchison, Topeka & Santa Fe Railway. Each of these defendants has filed a petition in this court seeking a writ of mandamus commanding the circuit judges in St. Louis City to exercise their discretion in passing upon the motions. Alternative writs were issued. These two cases were consolidated in this court because the question in each is identical. The causes were argued here and in an opinion dated October 10, 1949, this court quashed the alternative writs it had issued. State ex rel. Southern Railway Co. v. Mayfield, Judge. State ex rel. Atchison, Topeka and Santa Fe Railway Co. v. Murphy, Judge, 359 Mo. 827, 224 S. W. (2) 105.

 By certiorari, the Supreme Court of the United States took jurisdiction of the cases for review "because they involved questions important to the enforcement of the Federal Employers' Liability Act by the courts of the States." The Supreme Court of the United States vacated the judgment of this court and remanded it for further proceedings because it appeared to the Supreme Court of the United States that it was not clear, from the opinion of this court, whether this court "did not deem itself bound to deny the motions for dismissal on the score of *forum non conveniens* by view of the demands of our decisions in Baltimore & Ohio R. Co. v. Kepner, 314 U. S. 44

and Miles v. Illinois Central R. Co., 315 U. S. 698.'' The United States Supreme Court said:

"Therefore, if the Supreme Court of Missouri held as it did because it felt under compulsion of federal law as enunciated by this Court so to hold, it should be relieved of that compulsion. It should be freed to decide the availability of the principle of *forum non conveniens* in these suits according to its own local law. To that end we vacate the judgment of the Supreme Court of Missouri and remand the cause to that Court for further proceedings not inconsistent with this opinion.''

In its opinion the Supreme Court of the United States further said that the highest court of a state, in determining whether to accept or reject the doctrine of forum non conveniens, in an action based on the Federal Employers' Liability Act; may rest its decision on its own motions of procedural policy "for all causes of action begun in its courts", but that its decision must not infringe on the provisions of the Privileges and Immunities clause of the Constitution of the United States by discriminating against citizens of sister states, (Art. IV, Sec. 2, U. S. Constitution), and must not "involve a discrimination against Employers' Liability Act suits * * *.'' That a state ▆▆▆ court may also reject the doctrine of forum non conveniens because it may deem itself compelled by federal law to reject it. The opinion then stated that there was nothing in the Federal Employers' Liability Act to "force a duty" upon the state courts to entertain or retain such litigation "against an otherwise valid execution".

The case is now again before this court in the same condition it was in 1949, when first decided, with the knowledge that in now deciding this case we are not under compulsion of federal law as enunciated by the United States Supreme Court and that we are therefore relieved of that idea, if it were entertained by this court, when the original opinion was written.

The United States Supreme Court opinion further stated:

"Therefore, Missouri cannot allow suits by non-resident Missourians for liability under the Federal Employers' Liability Act arising out of conduct outside that State and discriminatorily deny access to its courts to a non-resident who is a citizen of another State.''

It was further held that if Missouri chooses to open its courts to *all* "residents" and deny access to *all* "non-residents", whether citizens of Missouri or of other states, it may do so, and such a policy may include actions for personal injuries under the Federal Employers' Liability Act.

In other words, there is nothing in the Federal law that compels Missouri to open its courts to cases arising under the Federal Employers' Liability Act, (Douglas v. New York, New Haven &

Hartford Rd. Co., 73 L. Ed. 747, 279 U. S. 377, 49 S. Ct. 355) but if it does so, the same rights must be accorded to citizens of other states as are given to citizens of this State.

 This court said in its previous opinion:

"Also, Missouri permits citizens of this state to file Federal Employers' Liability cases in its courts. To deny the same privilege to citizens of another state would violate Article 4, Section 2, of the Constitution of the United States. * * *

"The Federal Employers' Liability Act does not compel the courts of this state to hear cases arising under that act, but it empowers our courts to do so.

"Since Missouri does allow its citizens to maintain Federal Employers' Liability actions in its courts, (see the many such cases listed in the Missouri Digest, Master and Servant, Key Number 85,) it follows that not to allow citizens of other states the right to file Federal Employers' Liability suits in our state courts would violate Article 4, Section 2, of the Constitution of the United States."

The policy of this state has been to bar none of its citizens from its courts where there is proper venue and jurisdiction of the parties and subject-matter, and this applies to citizens who are residents as well as non-residents. The Constitution of Missouri, 1875, Art. II, Sec. 10, provided that "courts of justice should be open to every person" and "certain remedy afforded for every injury" and that right and justice "should" be administered without "denial". Our present Constitution (Art. I, Sec. 14) contains the same provision but uses the word "shall" instead of "should".

 Section 507.020 R. S. Mo. 1949 declares that whenever a claim exists under the law of another state an "action thereon may be brought in this State" by the person entitled to the proceeds of such action, or by his personal representative, if they are authorized to bring such action under the laws of that other state.

This section was derived from Secs. 856, 857 and 858 Mo. R. S. A., and they have been held to be mandatory. (State ex rel. Pacific Mutual Life Ins. Co. v. Grimm (en banc) 239 Mo. 135, 143 S. W. 483) and in harmony with Article IV Sec. 2 of the Constitution of the United States. In the Grimm case, supra, this court, en banc, said in discussing Secs. 856 and 857 Mo. R. S. A. (then sections 1736 and 1737 R. S. Mo. 1909):

"These statutes were under consideration in the case of Newlin v. Railroad Co., 222 Mo. 375, 121 S. W. 125, and the court there held that these statutes were founded upon comity, and opened the doors of our courts to causes of action accruing under the laws of sister states. Meaning, of course, that the doors were not opened at the discretion of the court, as was formerly the case, but mandatory, in harmony and in keeping with section

2 of article 4 and section 1 of the fourteenth amendment of the Constitution of the United States, * * * ."

The case from which we have quoted was an original action in prohibition seeking to prevent the circuit court of St. Louis City from proceeding with a case in which the plaintiff was a citizen and resident of Illinois, and had brought a suit upon an insurance policy on the life of her deceased husband, who in his lifetime, had also been a citizen and resident of Illinois. The insurance contract was made in Illinois. The defendant, Pacific Life Insurance Co., was a California Corporation, licensed to do business in Illinois, Missouri and other states.

A motion to dismiss had been made in the trial court in which every essential element of a motion *forum non conveniens* was present although the motion was not referred to by its Latin appellation and the trial court or this court did not so designate it. It contained more reasons for its sustention than the motions involved in these cases before us, but was denied by the circuit court. This court in refusing prohibition said:

"It would be both unjust and intolerable for one state of the Union to possess the power and authority to enact a valid statute closing the doors of its courts to citizens of the United States, or of other states, and deny to them the right or privilege of suing in the courts thereof, while the citizens of such state enjoy that right or privilege. To so hold would be not only to nullify the spirit of the provisions of the federal Constitution previously mentioned, but the letter thereof as well."

It cited Chambers v. Baltimore & Ohio Railroad Co., 207 U. S. 142, 28 S. Ct. 34, 52 L. Ed. 143, where it was said:

"The right to sue and defend in the courts is the alternative of force. In an organized society it is the right conservative of all other rights, and lies at the foundation of orderly government. It is one of the highest and most essential privileges of citizenship, and must be allowed by each state to the citizens of all other states to the precise extent that it is allowed to its own citizens. Equality of treatment in this respect is not left to depend upon comity between the states, but is granted and protected by the Federal Constitution. * * *

"But, subject to the restrictions of the Federal Constitution, the state may determine the limits of the jurisdiction of its courts, and the character of the controversies which shall be heard in them. The state policy decides whether and to what extent the state will entertain in its courts transitory actions, where the causes of action have arisen in other jurisdictions. Different states may have different policies, and the same state may have different policies at different times. But any policy the state may choose to adopt must operate in the same way on its own

citizens and those of other states. The privileges which it affords to one class it must afford to the other. Any law by which privileges to begin actions in the courts are given to its own citizens and withheld from the citizens of other state is void, because in conflict with the supreme law of the land.''

Since the policy of this state has been, and is, to allow citizens of Missouri (resident and non-resident) to bring and maintain suits under the Federal Employers' Liability Act in the courts of this state, we cannot bar citizens of other states from doing likewise. Our alternative writs were improvidently issued and should be quashed. It is so ordered. All concur.