STATE of Missouri at the relation of CHI-
CAGO, ROCK ISLAND AND PACIFIC
RAILROAD COMPANY, a Corporation,
Relator,

v.

The Honorable Henry A. RIEDERER, Judge
of Division One of the Circuit Court of
Missouri, Sixteenth Judicial Circuit, Jack-
son County, at Kansas City, Respondent.

No. 55126.

Supreme Court of Missouri,
En Banc.

May 11, 1970.

Thad C. McCanse, Bruce C. Houdek,
James, McCanse & Larison, Kansas City,
for relator.

Charles C. Moore, Glenn McCann, Knip-
meyer, McCann & Millett, Kansas City, for
respondent.

FINCH, Judge.

This is an original proceeding in manda-
mus which seeks to compel respondent
judge to hear and determine on its merits
a motion by which relator sought dismissal
of a suit for damages on the basis of the
equitable doctrine of *forum non conven-
iens*. We make our alternative writ per-
emptory.

One William Michael Scantlin on May
12, 1969, filed suit in the Circuit Court of
Jackson County, Missouri, seeking damages
of $100,000 under the Federal Employers'
Liability Act (45 U.S.C. § 51 et seq.) for
alleged injuries suffered by him on or
about July 29, 1966, at Liberal, Kansas,
while employed by relator as a switchman.
Relator filed a verified motion to dismiss
said suit based on the doctrine of *forum
non conveniens*. The motion stated that
Liberal, Kansas, where the accident oc-
curred, is more than 400 miles from Kan-
sas City, that all witnesses to the accident
reside at Liberal, Kansas, and that the
medical witnesses live at Liberal or at
Hayes, Kansas, which is 260 miles from
Kansas City. It also alleged that relator
would have considerable expense if it were
necessary to bring the witnesses to Kansas
City and house them for a trial in the Cir-
cuit Court of Jackson County. Relator
railroad offered to waive any right to
plead and rely on any period of limitation
applicable to plaintiff's cause of action if
its motion to dismiss should be granted.

In opposition to the motion to dismiss,
plaintiff Scantlin filed verified suggestions
in which he contended that the doctrine
was not applicable because controlling law
gave him the right to bring and try his
case in Missouri. He further stated that

in any event the facts were such that this would not be a proper case for application of the doctrine because there were just four eyewitnesses to the accident, the relator could take depositions of the doctors at Liberal and Hayes, Kansas, and there was a nexus with Kansas City in that plaintiff had an examining doctor located in Kansas City.

The trial judge overruled the motion to dismiss in the following order: "The Motion to Dismiss, filed by defendant on July 10, 1969, is overruled because of the ruling of the Supreme Court in State [ex rel. Southern Ry. Co.] v. Mayfield [362 Mo. 101], 240 S.W.2d 106." The court obviously concluded and ruled that under Mayfield, cited in his order, he was forbidden from considering and applying the doctrine of *forum non conveniens* in a F.E.L.A. case.

Relator's application to this court seeks a writ of mandamus to compel respondent judge to hear the motion and then to exercise his discretion and determine whether to dismiss the case. In response thereto, respondent has filed a return and a motion to dismiss. The single issue presented is whether the doctrine of *forum non conveniens* is available in F.E.L.A. cases in Missouri.

Apparently, the first conscious reference in a Missouri decision to the doctrine of *forum non conveniens* was in State ex rel. Southern Ry. Co. v. Mayfield, 359 Mo. 827, 224 S.W.2d 105. Two F.E.L.A. cases by nonresident plaintiffs against the nonresident railroad for injuries received in Indiana were filed in the Circuit Court of the City of St. Louis. A motion invoking the doctrine of *forum non conveniens* and seeking dismissal of the suits was filed. The trial court overruled that motion, saying that the "Court has no jurisdiction or discretion to entertain or grant such a motion." Mandamus was sought to compel the trial court to exercise its discretion and rule on the motion to dismiss, but the writ was denied. This court's opinion therein (State ex rel. Southern Ry. Co. v. May-

field, supra) held that under the cases of Baltimore & Ohio Railroad Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222, and Miles v. Illinois Central Railroad Co., 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104, a state court could not dismiss a F.E.L.A. case solely on the basis of *forum non conveniens*. On certiorari, the Supreme Court of the United States vacated the judgment of the Missouri court in Mayfield and remanded the case for further consideration. Missouri ex rel. Southern Ry. Co. v. Mayfield, 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3. The opinion, written by Mr. Justice Frankfurter, points out that under the privileges and immunities clause Missouri could not allow suits by nonresident Missourians for liability under F.E.L.A. arising out of conduct outside Missouri, but discriminatorily deny access to its courts to a non-resident who is a citizen of another state. However, it goes on to hold that the Kepner and Miles cases (cited by the Missouri Supreme Court) do not limit the power of a state to deny access to its courts to persons seeking recovery under F.E.L.A. cases if, in similar cases, it also denies resort to its courts and if it enforces its policy impartially so as not to involve discrimination against F.E.L.A. cases and so as not to offend against the privileges and immunities clause of the federal Constitution (Art. IV, § 2). In so ruling, the opinion states, 340 U.S. l. c. 4, 71 S.Ct. l. c. 2, that "if a State chooses to '[prefer] residents in access to often overcrowded Courts' and to deny access to all nonresidents, whether its own citizens or those of other States, it is a choice within its own control. This is true also of actions for personal injuries under the Employers' Liability Act. Douglas v. New York, New Haven R. Co., 279 U.S. 377, 387, 49 S.Ct. 355, 356, 73 L.Ed. 747. Whether a State makes such a choice is, like its acceptance of rejection of the doctrine of *forum non conveniens*, a question of State law not open to [federal] review." Accordingly, the principal opinion remanded the case to the Missouri Supreme Court so as to permit it "to decide the availability

of the principle of *forum non conveniens* in these suits according to its own local law."

Mr. Justice Jackson, concurring in the above disposition of the case, said, 340 U. S. 1. c. 5, 71 S.Ct. 1. c. 3: "A federal court in Missouri would now be free to decline to hear this case and could transfer it to its proper forum. Certainly, a State is under no obligation to provide a court for two nonresident parties to litigate a foreign-born cause of action when the Federal Government, which creates the cause of action, frees its own courts within that State from mandatory consideration of the same case."

On remand, the case again was heard by the Missouri Supreme Court. State ex rel. Southern Ry. Co. v. Mayfield, 362 Mo. 101, 240 S.W.2d 106. In that opinion the court held the doctrine was not available, saying, 240 S.W.2d 1. c. 109: "Since the policy of this state has been, and is, to allow citizens of Missouri (resident and non-resident) to bring and maintain suits under the Federal Employers' Liability Act in the courts of this state, we cannot bar citizens of other states from doing likewise." While the above statement referred to F.E.L.A. cases, the net effect of that decision was to indicate that the doctrine of *forum non conveniens* would not be available at all in Missouri because in the course of the opinion the court, using general language rather than words limited to F.E.L.A. cases, stated, 240 S.W.2d 1. c. 108: "The policy of this state has been to bar none of its citizens from its courts where there is proper venue and jurisdiction of the parties and subject-matter, and this applies to citizens who are residents as well as non-residents."

However, five years later, in Elliott v. Johnston, 365 Mo. 881, 292 S.W.2d 589, this court adopted and applied the doctrine of *forum non conveniens*. In that case residents of Kansas brought six suits in the Circuit Court of Vernon County, Missouri, against another resident of Kansas for personal injuries and loss of services

arising out of an automobile accident which occurred in Crawford County, Kansas. The trial court applied the doctrine and dismissed the suits. On appeal that action was affirmed. We are not concerned here with the particular facts which the court found justified application of the doctrine in that case. The important thing for our purpose is that the court adopted and applied the doctrine in a suit by non-residents against nonresidents in a cause of action which arose in another state. This court held that the trial court had inherent discretionary power to decline jurisdiction in such a case and emphasized that such a distinction based on nonresidence rather than citizenship was reasonable.

In Loftus v. Lee, Mo., 308 S.W.2d 654, also an automobile collision case, this court again recognized the availability of the doctrine in Missouri. In that case the accident had occurred in Johnson County, Kansas (just across the state line from Jackson County) and the parties were residents of Johnson County. The trial court had applied the doctrine of *forum non conveniens* and dismissed the case. On appeal, this court concluded that the particular facts did not justify the dismissal. However, it is clear that the opinion recognized the availability of the doctrine. The court said, 1. c. 661: "It is our conclusion that the doctrine of forum non conveniens is an arm of the courts of this State to be applied with caution and only upon clear showing of inconvenience of forum and when the ends of justice require it."

No contention is advanced by respondent that Missouri has not or should not have adopted the *forum non conveniens* doctrine. His contention is that it is restricted to transitory tort cases and that under the second Mayfield case (240 S.W. 2d 106) the doctrine is not available in F. E.L.A. cases in Missouri and that public policy so requires. On the other hand, relator asserts that there is no logical basis for distinguishing between the two types of cases in applying the doctrine, and furthermore that failure to apply it in F.E.L.A.

cases when it is available in transitory tort cases would constitute unconstitutional discrimination in violation of Art. I, § 14 of the Constitution of Missouri, 1945, V.A.M. S., and Art. IV, § 2 and Amendment V of the Constitution of the United States.

In the first place, we must recognize that the basis upon which the second Mayfield case was decided was the recital therein that Missouri would accept without question all suits by citizens of Missouri, whether resident or nonresident, where there was proper venue and jurisdiction of the parties and subject matter, and that consequently we were compelled to do the same with respect to citizens of other states. However, in the subsequent Elliott and Loftus cases that position was changed and the determination was made on residence rather than citizenship. That being true, the underlying basis in Mayfield for excluding any application of the doctrine in F.E.L.A. cases in Missouri no longer existed.

■ Furthermore, the basic factors to be weighed in any case and from which a determination is made whether a case should be dismissed on the basis of *forum non conveniens* apply equally to F.E.L.A. as to transitory tort cases. Those factors include place of accrual of the cause of action, location of witnesses, the residence of the parties, any nexus with the place of suit, the public factor of the convenience to and burden upon the court, and the availability to plaintiff of another court with jurisdiction of the cause of action which affords him a forum for his remedy.

No basis has been shown, nor is any apparent, for considering these factors in one type of tort action and not in the other. It is of some significance that no case has been cited to us by respondent which establishes that any state recognizing and applying the doctrine does not apply it in F.E. L.A. cases, whereas relator asserts and cites numerous cases to establish that every state which has adopted the doctrine applies it without distinction between F.E.L. A. and non-F.E.L.A. cases.[1] We are not bound by these decisions from other states, but the fact that those adopting the doctrine universally apply it uniformly to both types of tort actions is quite persuasive.

■ In oral argument counsel for respondent urged as a distinguishing consideration between F.E.L.A. and non-F.E.L.A. cases the fact that a different type of industry is involved in F.E.L.A. cases. However, we perceive no reason why that should make any difference in deciding whether the doctrine is applicable. We conclude that there is no logical basis for distinguishing between the two types of cases. As stated in Elliott and Loitus, residence, rather than citizenship, is one of the factors to be considered and consequently the doctrine is to be applied uniformly on the basis of the applicable criteria irrespective of whether the case involves citizens of Missouri or citizens of other states. This complies with the requirements laid down by the Supreme Court of the United States in Missouri ex rel. Southern Ry. Co. v. Mayfield, supra. Accordingly, we overrule State ex rel. Southern Ry. Co. v. May-

1. Some of the cases cited by relator are: Price v. Atchison, T. & S. F. Ry. Co., 42 Cal.2d 577, 268 P.2d 457, 43 A.L.R. 2d 756, cert. den. 348 U.S. 839, 75 S.Ct. 44, 99 L.Ed. 661; Southern Railway Co. v. Bowling, (Fla.App.) 129 So.2d 433; Southern Railway Co. v. McCubbins, (Fla.App.) 196 So.2d 512; People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan, 30 Ill.2d 178, 195 N.E.2d 634; Gonzales v. Atchison, T. & S. F. Ry. Co., 189 Kan. 689, 371 P.2d 193; Johnson v. Chicago, Burlington & Quincy R. Co., 243 Minn. 58, 66 N.W.2d 763;

Murnan v. Wabash Railway Co., 246 N.Y. 244, 158 N.E. 508; Vargas v. A. H. Bull Steamship Co., 44 N.J.Super. 536, 131 A.2d 39, aff. 25 N.J. 293, 135 A.2d 857, cert. den. 355 U.S. 958, 78 S.Ct. 545, 2 L.Ed.2d 534; State ex rel. Great Northern Ry. Co. v. District Court, etc., 139 Mont. 453, 365 P.2d 512; Atchison, T. & S. F. Railroad v. District Court (Okl.) 298 P.2d 427, cert. den. 352 U.S. 879, 77 S.Ct. 101, 1 L.Ed.2d 80; Rini v. New York Central Railroad Co., 429 Pa. 235, 240 A.2d 372; Mooney v. Denver & R. G. W. R. Co., 118 Utah 307, 221 P.2d 628.

field, 362 Mo. 101, 240 S.W.2d 106, insofar as it is inconsistent with this opinion, and we hold that the doctrine is available in F. E.L.A. cases.

In view of the conclusion we reach, we need not consider or decide the constitutional issues raised by relator.

We hold that respondent should set aside his order of October 2, 1969, overruling the motion to dismiss, and that he should hear said motion and then rule upon it in the light of the facts and applicable legal standards. We direct the issuance of a peremptory writ of mandamus so providing.

HENLEY, C. J., DONNELLY, SEILER, MORGAN and HOLMAN, JJ., and HOGAN, Special Judge, concur.

BARDGETT, J., not participating because not a member of the Court when cause was submitted.