**ROZANSKY FEED COMPANY, INC., Appellant,**

v.

**MONSANTO COMPANY and General Host Corporation, Respondents.**

**No. KCD 29822.**

Missouri Court of Appeals, Western District.

April 2, 1979.

Ernest H. Fremont, Jr., Wm. Dirk Vandever, Popham, Conway, Sweeny, Fremont & Bundschu, Kansas City, for appellant.

Lyman Field of Field, Gentry, Benjamin & Robertson, Kansas City, for respondent Monsanto Co.

J. Eugene Balloun and L. Franklin Taylor of Payne & Jones, Olathe, Kan., David R. Frensley of Ryder, Skeer, Rose & Frensley, Kansas City, for respondent General Host Corp.

Before SHANGLER, P. J., and SWOFFORD, C. J., and WASSERSTROM, J.

SWOFFORD, Chief Judge.

This is an action for damages arising from the sale, distribution and use of a chemical substance, polychlorinated biphenyls, known under the trade name of "Therminol" and referred to here as PCB. The court below dismissed this Missouri action upon the doctrine of *forum non conveniens* and this appeal followed. The scope of appellate review, therefore, is strictly limited to a determination of whether or not by so acting the trial court abused its discretion. *State ex rel. Chicago, Rock Island and Pacific Railroad Company v. Riederer*, 454 S.W.2d 36 (Mo. banc 1970); *Elliott v. Johnston*, 365 Mo. 881, 292 S.W.2d 589 (1956); *Loftus v. Lee*, 308 S.W.2d 654 (Mo. 1958). The facts bearing upon this review, as pleaded in Plaintiff's Second Amended Petition, are substantially undisputed.

Plaintiff, Rozansky Feed Company, Inc., is a New Jersey corporation and has its principal place of business in that state. It manufactures a dried bakery product referred to in the record as "wafer meal", which was sold to grain mills in the east, including a pair of grain mill cooperatives in New York, Agway, Inc. and Inter-County Farmers Cooperative Association, Inc. These mills used Rozansky's wafer meal to manufacture poultry feed. Agway also sold this feed to the Jurgielewicz Duck Farms in New York, where it was fed to its

ducks. This firm in turn sold the duck by-products (entrails, beaks, etc.) to the Bethlehem Mink Farm, Inc. and Jubilee Food Supply, Inc. and other mink farmers in the east where the mink were fed this by-product.

Defendant Monsanto corporation is incorporated in Delaware with its principal place of business in St. Louis, Missouri, where it is engaged in the manufacture of various types of chemicals which it distributes throughout the United States, including PCB.

Defendant General Host Corporation is a New York corporation and is engaged in the manufacture and sale of baking products throughout the United States, including Jackson County, Missouri. In 1970 and 1971, Monsanto sold PCB to the Bond Bread company in Brooklyn, New York, a division of the General Baking Company, which was later acquired by defendant General Host. PCB was used by Bond Bread to conduct heat from its boilers to deep fat fryers used to cook doughnuts. Bond Bread sold its waste bakery products to plaintiff Rozansky, and such products were then used by plaintiff to manufacture its wafer meal for sale to the mills for use in the manufacture of poultry feed.

On or before January 1, 1970, Monsanto learned that PCB was toxic to all forms of human and animal life and subsequently Monsanto announced that it was going to discontinue the production and distribution of PCB. However, it is alleged that, conspiring with General Host, it continued to sell PCB to Bond Bread for use in its New York plant, as above described. It is plaintiff's claim that sometime during 1970, a leak developed in the heat transfer system at Bond Bread so that the waste bakery products which it sold to plaintiff became contaminated as a result of which the wafer meal which the plaintiff sold to the mills, the poultry feed made by the mills and sold to its poultry farm customers, and the duck by-product sold by Jurgielewicz Duck Farms to mink farmers—all became contaminated by toxic PCB.

The result of the use of this feed was that poultry became sterile or died, as did the mink, as a result of ingestion of duck by-product. Litigation resulted, all in eastern forums.

The mink farmers sued Jurgielewicz, Agway, Rozansky and Monsanto in the United States District Court in New Hampshire wherein the defendants filed various cross-claims and a judgment was entered in that case for $1,026,400.00 plus interest and costs in favor of the mink farmers.

Poultry and egg farmers, customers of Inter-County Farmers Cooperative Association, sued it in Sullivan County, New York. By means of third party practice, Inter-County brought in Rozansky, and Rozansky brought in Monsanto and General Host in that action.

Agway also sued Rozansky in New York for feed it was forced to destroy and Rozansky brought Monsanto and General Host, through the vehicle of third party practice, into that suit, pending in Ulster County, New York.

A procedural issue is raised by the appellant (Point III) that the trial court erred in dismissing the plaintiff's petition because it improperly granted leave "for renewal or reargument of defendants' motions to dismiss" where the original ruling was proper and based upon controlling decisions and no new facts or facts unknown or unavailable at the time of the original ruling were presented. This point should be disposed of at the outset of this decision and the record facts dispositive of it must be summarized.

It is noted at the outset that the forum wherein this suit was filed is the Sixteenth Judicial Circuit of Missouri, comprised of all of Jackson County, Missouri. It is a multiple judge circuit, now having seventeen separate divisions. At the time this suit was filed, it was assigned to Division No. 10, presided over by Judge Harry Hall. While that court had jurisdiction over the case, the defendants filed their separate motions to dismiss; plaintiff thereafter filed its second amended petition; the defendants renewed their motions to dismiss; and, thereafter, defendant General Host amend-

ed its motion to include the ground of *forum non conveniens*. These motions were briefed and argued before Judge Hall and on December 14, 1976, he overruled General Host's amended motion to dismiss, and on December 15, 1976 he overruled its original motion to dismiss. On January 1, 1977, Judge Hall retired and left the Bench without making any order as to defendant Monsanto's motion to dismiss. The case was then assigned for further handling to Division No. 7, Judge Donald B. Clark. Thereupon, General Host filed its motion for a rehearing on its amended motion to dismiss and Monsanto was granted leave to file an amended motion to dismiss stating the ground of *forum non conveniens*. The issue of *forum non conveniens* was again briefed and argued before Judge Clark. In connection with this, Monsanto offered statistics reflecting the case load of the state and federal courts in Jackson County, Missouri. The record contains a letter from Judge Hall to Judge Clark in which he states that at the time he overruled General Host's motion to dismiss, he intended to also overrule the Monsanto motion. Judge Hall made no findings of fact or conclusions of law at the time of his ruling.

The thrust of appellant's argument on this point is that it is "black letter" law that motions which a judge fails to rule are deemed to have been denied by operation of law and that obviously Judge Hall had not ruled Monsanto's motion, and it was therefore denied. An Arizona authority is cited, *Atchison, Topeka and Santa Fe Railway Company v. Parr*, 96 Ariz. 13, 391 P.2d 575, 577 [1] (1964). Based upon that premise, the appellant asserts that Judge Clark's consideration of these motions was an unjustified and improper permission to renew or reargue, without a showing that any material factual matter had been overlooked, and lacking the support of new grounds or evidence. Appellant cites in support of this argument a New York decision, *Cisco v. Lavine*, 72 Misc.2d 1087, 341 N.Y.S.2d 719 (1973).

This position of appellant is not valid and the authorities cited are not per-

suasive in the case at bar. Missouri does not follow the doctrine that a motion once ruled upon cannot be reconsidered even in the absence of the matters appellant claims are lacking here. The case of *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 232 [5] (Mo. banc 1969) states the Missouri rule explicitly in these terms:

"Logic and justice would seem to indicate that a trial court should be permitted to retain control of every phase of a case so that it may correct errors, or, *in its discretion, modify* or *set aside orders or judgments until its jurisdiction is extinguished* by the judgment becoming final and appealable." (Emphasis added)

To follow the view urged here by appellant would mean that a trial court could never correct what it ultimately concludes to have been a mistaken judgment even when its jurisdiction over the case remains intact. Such a doctrine would militate against the practical and effective administration of justice.

When this case was transferred to Judge Clark's division of the Circuit Court upon Judge Hall's retirement, he assumed complete jurisdiction over the whole case and responsibility for the processing of it at the trial level, and his jurisdiction, authority and responsibilities were identical and coextensive with those originally lodging with Judge Hall. Under *Schweitzer*, Judge Hall could have acted, had he remained responsible for the litigation, in the same manner as did Judge Clark. This does not involve any consideration of conflict of jurisdiction or comity involving these divisions of the court. Both divisions were and are part of the same court.

It is concluded that Judge Clark had the power to order a rehearing of General Host's motion to dismiss and the duty to rule on such motion and that of Monsanto (which had never been ruled by any court). No abuse of discretion appears and Point III is ruled against appellant.

Appellant's Points I and II are both addressed to the propriety of the trial court's application of the doctrine of *forum non conveniens* and therefore are considered together.

The doctrine has been recognized and applied in Missouri courts. *Elliott v. Johnston,* supra; *Chicago, Rock Island and Pacific Railroad Company v. Riederer,* supra; *Loftus v. Lee,* supra; and other decisions. In foreign transitory non-statutory tort actions, such as the case at bar, the decision of a trial court to apply or not to apply the doctrine clearly rests within the sound discretion of that court to be exercised against the background of the facts of the specific case. As the court said in *Elliott v. Johnston,* 292 S.W.2d 589, 593 [4] (Mo.1956):

"* * * The parties are all nonresidents, the actions or claims are upon a foreign transitory nonstatutory tort and the court had the inherent discretionary power to retain or to decline jurisdiction of these actions transplanted from their 'natural forum,' and the meritorious question is whether in the particular circumstances the forum is inappropriate and whether the court abused its discretion. * * * "

The factors or guidelines to be considered by the trial court in the exercise of such discretion when confronted with a *forum non conveniens* problem were later clearly stated and defined in *State ex rel. Chicago, Rock Island and Pacific Railroad Company v. Riederer,* 454 S.W.2d 36, 39 [1] (Mo. banc 1970), where the court said:

"* * * Those factors include place of accrual of the cause of action, location of witnesses, the residence of the parties, any nexus with the place of suit, the public factor of the convenience to and burden upon the court, and the availability to plaintiff of another court with jurisdiction of the cause of action which affords him a forum for his remedy. * * * "

See also: *Campbell 66 Express, Inc. v. Thermo King of Springfield, Inc.,* 563 S.W.2d 776 (Mo.App.1978).

It is apparent from the Memorandum and Order on Defendants' Motions to Dismiss that the trial court carefully and thoroughly found the operative facts, as above stated in this opinion, and applied the guidelines set forth in *Riederer* and concluded that the case in Missouri should be dismissed *forum non conveniens.* In so doing, the court below properly found that except for the fact that Monsanto had its principal office in Missouri and that General Host was licensed to and did business in Missouri and thus both were subject to suit in Missouri, that it was obvious that the case had little, if any, "nexus" with Missouri and its courts.

No useful purpose would be here served by reiteration of the obvious validity of that result under the facts of this case. The trial court acted within its inherent power and no abuse of that discretion appears.

The judgment is affirmed.

All concur.

CLARK, J., not participating.