**CENTER PROMOTION CONSULTANTS, INC., et al., Appellants,**

**v.**

**John ROBINSON, Respondent.**

**No. WD 42668.**

Missouri Court of Appeals, Western District.

July 3, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1990.

Application to Transfer Denied Oct. 16, 1990.

Elwyn L. Cady, Jr., Independence, for appellants.

Robert S. Halas, Independence, for respondent.

Before MANFORD, P.J., and KENNEDY and ULRICH, JJ.

PER CURIAM:

Joint plaintiffs James and Karen Lesky and joint plaintiffs Richard and Charlene Gross and their corporation, Center Promotion Consultants, Inc., brought suit, in a single one-count petition against defendant John Robinson in the Circuit Court of Jackson County, Missouri, for damages for defendant Robinson's alleged fraud growing out of plaintiffs' respective investments in a Kansas corporation named Cameo, Inc.

Robinson filed answer but he was a prisoner in the penitentiary in Kansas at time of trial and did not appear. He was represented at trial by a trustee appointed by the court presumably under the provisions of section 460.010, RSMo 1986.

I

After hearing evidence, the court dismissed the James and Karen Lesky claim on the ground of want of subject matter jurisdiction. The Leskys were at all times residents of Kansas, the defendant was at all times a resident of Kansas, and all the transactions involving the Leskys, defendant Robinson and Cameo, Inc., took place in the State of Kansas. The trial court apparently thought the absence of Missouri relatedness deprived the Missouri court of jurisdiction. The Leskys have appealed.

The court was in error in dismissing the Leskys' claim because of any want of jurisdiction of the case.

Whenever a claim exists under the laws of another state, the action may be brought in Missouri by persons entitled to the proceeds of such claim if they are authorized to bring such action by the laws of the other state. Section 507.020, RSMo 1986. Because the defendant was a nonresident of Missouri, venue was proper in Jackson County, or in any other county in this state. Section 508.010, RSMo 1986. When a Kansas defendant in a Kansas nonstatutory tort action waives any question of personal jurisdiction, a Missouri circuit court has jurisdiction of the subject matter and consequently of the action, notwithstanding the fact that the plaintiffs were also Kansans and that the actions were based on claims arising under the law of Kansas. *Elliott v. Johnston,* 365 Mo. 881, 292 S.W.2d 589, 592–93 (1956). Once jurisdiction was obtained, the question became one of forum non conveniens, and a purely arbitrary dismissal of the case is unconstitutional. *Loftus v. Lee,* 308 S.W.2d 654, 657 (Mo.1958). The trial court did have subject matter jurisdiction in this case, and consequently erred in dismissing the Leskys' claim.

II

The trial court denied the request by plaintiffs Gross and Center Promotion Consultants for a default judgment against Robinson. After hearing plaintiffs' evidence, the court entered judgment for Rob-

inson. Plaintiffs Gross and Center Promotion Consultants have appealed.

Plaintiffs Richard and Charlene Gross and Center Promotion Consultants, Inc., make a single complaint on appeal, namely, that the trial court did not grant it a default judgment when defendant Robinson did not appear at trial, notwithstanding the court-appointed trustee did appear and participate in the trial. (Plaintiffs claim the trustee's appointment was unauthorized by section 460.010, RSMo 1986).

Even treating the trustee's appearance as ineffective to represent Robinson, the court acted correctly in denying plaintiffs Center Promotion Consultants and Richard and Charlene Gross a default judgment. Defendant Robinson had filed an answer, and he was therefore not in default. His failure to appear at trial did not entitle plaintiffs to a default judgment. In such a case, the trial is to proceed as it did proceed in this case. The court heard evidence presented by the plaintiffs' Gross and Center Promotion Consultants. This was what the court was supposed to do, and the plaintiffs' claim that they were entitled to judgment against the defendant because of his failure to appear at the trial has no merit. *J.G. Jackson Associates, Inc. v. Mosley,* 308 S.W.2d 774, 777 (Mo. App.1958).

The judgment in favor of defendant Robinson and against plaintiffs Center Promotion Consultants, Inc., and Richard and Charlene Gross is affirmed.

The judgment dismissing the Leskys' claim on the ground of want of subject matter jurisdiction is reversed, and the Leskys' case is remanded for further proceedings.