Christina POWELL,
Plaintiff/Appellant,

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPANY,
Defendant/Respondent.

No. ED 89851.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 2, 2008.

Rehearing Denied Feb. 19, 2008.

Gregory Fenlon, Clayton, MO, for appellant.

Jason William Corray, Clayton, MO, for respondent.

BOOKER T. SHAW, Judge.

Christina Powell (Appellant) appeals the trial court's dismissal of her claim against State Farm Mutual Automobile Insurance Company (Respondent) for lack of subject matter jurisdiction over a car accident in Illinois while she was an Illinois resident carrying an Illinois insurance policy. Appellant appeals, arguing that the trial court erred because section 507.020.1(1) allows plaintiffs to bring in Missouri any claim existing under the laws of another state. The trial court's judgment is reversed and the case is remanded.

## I. Facts and Procedural History

On August 20, 2004, the car in which Appellant was a passenger was rear-ended on the Illinois side of the Poplar Street Bridge, which connects St. Clair County, Illinois, with the City of St. Louis, Missouri, over the Mississippi River. Appellant was transported by ambulance to an area hospital, evidently on the Missouri

side,[1] where she was treated in the emergency room. She incurred over $8,000 in medical expenses.

At the time of the accident, Appellant was an Illinois resident and carried an Illinois-issued auto insurance policy with Respondent providing up to $25,000 in coverage for medical expenses. Appellant subsequently relocated to the City of St. Louis, Missouri. After Respondent rejected her demands for payment, Appellant filed this suit in the Circuit Court for the City of St. Louis seeking the amount of her medical expenses pursuant to the policy as well as penalties, interest, and attorney fees available under Illinois and Missouri law[2] by reason of Respondent's alleged vexatious refusal.

Respondent moved for dismissal for lack of subject matter jurisdiction. The trial court granted the motion. Appellant appeals, contending that the trial court erred because section 507.020.1(1) allows a plaintiff to bring in Missouri any claim existing under the laws of another state.

## II. Discussion

■■■ "Dismissal for lack of subject matter jurisdiction is proper whenever it appears, by suggestion of the parties or otherwise, that the court is without jurisdiction. Rule 55.27(g)(3).... Generally, the decision to dismiss for lack for subject matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion. However, where, as here, the facts are uncontested, a question as to the subject matter jurisdiction of a court is purely a question of law, which is reviewed *de novo*." *Missouri Soybean Ass'n v. Missouri Clean*

*Water Com'n*, 102 S.W.3d 10, 22 (Mo.2003) (internal citations omitted).

■■■ "It has been said that section 507.020 ... is a legislative declaration of comity." *Elliott v. Johnston*, 365 Mo. 881, 292 S.W.2d 589, 592 (1956). In pertinent part, it states that "whenever a claim exists under the law of another state, action thereon may be brought in this state by the person or persons entitled to the proceeds of such claim if he or they are authorized to bring such action by the laws of said other state." In other words, if Appellant has an actionable claim under Illinois law, then she may bring it in Missouri.

In *Elliott*, the Supreme Court of Missouri acknowledged the subject matter jurisdiction of the Vernon County Circuit Court over an action involving a car accident in Kansas involving Kansas residents. The case had no connection to Missouri. The plaintiffs' lawyer sought to litigate the case in Missouri for strategic reasons and served process on the defendant during a visit. While the Supreme Court ultimately affirmed the trial court's dismissal of the case for *forum non conveniens*, it recognized that "the plaintiffs had existing claims against Johnston 'under the law of another state' and could therefore institute their actions in Missouri, providing they were able to obtain service of process upon the defendant. V.A.M.S. § 507.020." *Id.* at 592.

The Supreme Court again recognized the existence of subject matter jurisdiction over an entirely foreign action by virtue of section 507.020 in *Loftus v. Lee*, 308 S.W.2d 654 (Mo.1958). *Loftus* involved an automobile accident in Kansas involving Kansas residents. The Court conceded

---

1. Though the record does not identify the hospital, Appellant's medical expenses are billed from a Missouri address.

2. Appellant cites both 215 ILCS 5/155 and RSMo 375.296 and 375.420.

that "Plaintiff's admitted compliance with our general venue statutes unquestionably vested the Circuit Court of Jackson County with jurisdiction of the parties and the cause of action alleged in the petition." *Id.* at 657. Moreover, the Court reversed the trial court's dismissal of the petition for *forum non conveniens,* finding no prejudicial inconvenience to the defendant given that the forum county in Missouri was directly adjacent to the Kansas county where the defendant resided and where the incident occurred, both counties comprising part of the greater Kansas City metropolitan area (not unlike St. Clair County in the St. Louis area).

Respondent characterizes *Elliott* and *Loftus* as chronologically remote and attempts to minimize their present-day import by citing an unpublished opinion that calls into question their precedential value on the doctrine of *forum non conveniens.* Not only is that case irrelevant to the issue of subject matter jurisdiction under section 507.020.1(1), but moreover the Supreme Court granted transfer of that case and, in its opinion, discussed without disturbing *Elliott* and *Loftus* and expressly confirmed the continuing application of the doctrine. See *Anglim v. Missouri Pacific R. Co.,* 832 S.W.2d 298 (Mo.1992).

In addition, *Elliott* and *Loftus* have indeed proven instructive in recent years. In *Center Promotion Consultants v. Robinson,* 795 S.W.2d 420 (Mo.App. W.D. 1990), Kansas resident plaintiffs sued a Kansas resident defendant for fraud involving their investment in the defendant's sham Kansas corporation. Citing *Elliott* and *Loftus,* the Court of Appeals noted, "the trial court apparently thought the absence of Missouri relatedness deprived the Missouri court of jurisdiction. ... The court was in error. ... Whenever a claim exists under the laws of another state, the action may be brought in Missouri by persons entitled to the proceeds of such claim if they are authorized to bring such action by the laws of the other state. Section 507.020, RSMo 1986. ... Once jurisdiction was obtained, the question became one of *forum non conveniens...*" *Id.* at 421.

■ While the foregoing cases arose in tort, the analysis applies equally to the instant action in contract. In *Peoples Bank v. Carter,* 132 S.W.3d 302, 305 (Mo. App. W.D.2004), the Court of Appeals acknowledged the trial court's subject matter jurisdiction on the basis of section 507.020 notwithstanding a unilaterally exclusive forum selection clause favoring Kansas. Whether a court has subject matter jurisdiction to adjudicate a given controversy is a question of procedure, and procedural questions are determined by the state law where the action is brought. *Id.* In the instant case, the insurance policy contains no provision regarding choice of forum, exclusive or otherwise. Even if it did, subject matter jurisdiction cannot be waived by agreement. *Sodipo v. University Copiers,* 23 S.W.3d 807 (Mo.App. E.D. 2000).

Respondent offers no authority to contradict this court's conclusion that section 507.020 vests the circuit court with subject matter jurisdiction over Appellant's claim.

### III. Conclusion

The judgment of the trial court is reversed and the case is remanded for further proceedings.

LAWRENCE E. MOONEY, P.J., and NANNETTE A. BAKER, J., concur.