Jimmy Paul BESSE,
Plaintiff-Respondent,

v.

MISSOURI PACIFIC RAILROAD
COMPANY, Defendant-Appellant.

No. 68158.

Supreme Court of Missouri,
En Banc.

Dec. 16, 1986.

Michael D. O'Keefe, Mitchell F. Stevens, Robert D. Tucker, St. Louis, for defendant-appellant.

C. Marshall Friedman, Kenneth E. Rudd, Newton G. McCoy, Thomas P. McDermott, Chris G. Echsner, C. Marshall Friedman, P.C., St. Louis, for plaintiff-respondent.

BLACKMAR, Judge.

The plaintiff, a railroad employee working out of Wichita, Kansas, recovered a judgment of $1,687,500.00 under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1982), against his employing railroad in the Circuit Court of the City of St. Louis. The defendant appealed, contending (1) that the trial court should have dismissed the suit under the doctrine of *forum non conveniens*, and (2) that it is entitled to a new trial because the trial court did not give a "present value" instruction, as now required by *St. Louis Southwestern Ry. Co. v. Dickerson*, 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985). The Court of Appeals, Eastern District, affirmed, but transferred the case here because of the instruction point. We consider both arguments as on original appeal and likewise affirm, concluding: (1) that the trial court did not abuse its discretion under the special facts of this case in declining to apply the doctrine of *forum non conveniens*, because the suit was filed at the location of the home office of the defendant and the forum is not shown to be manifestly inconvenient, and (2) that the defendant was not entitled to a present-value instruction because none was requested.

I.

■ The doctrine of *forum non conveniens* exists in Missouri and may be applied in FELA cases such as this one. *State ex rel. Chicago, Rock Island & Pacific Railroad Co. v. Riederer*, 454 S.W.2d 36 (Mo. banc 1970).

■ The Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1982), was adopted by Congress to give railroad employees and other employees under its coverage a right of action against their employer for negligence. Suit may be brought in any federal court of the district in which the defendant does business, or in any state court where state venue statutes permit. 45 U.S.C. § 56 (1982). A suit brought in a state court may not be removed to the federal court in the manner of other civil actions, whatever the citizenship of the parties might be. 28 U.S.C. § 1445 (1982). The states are not at liberty to reject the jurisdiction conferred by Congress. *Miles v. Illinois Cent. R. Co.*, 315 U.S. 698, 703, 62 S.Ct. 827, 830, 86 L.Ed. 1129 (1942). States, however, may elect to apply a doctrine of *forum non conveniens*, provided that they do not impose burdens on FELA cases which they do not apply to other civil actions. *State of Missouri ex rel. Southern Ry. Co. v. Mayfield*, 340 U.S. 1, 71 S.Ct. 1, 95 L.Ed. 3 (1950).

In *State ex rel. Chicago, R.I. & P.R. Co. v. Riederer, supra*, we issued a writ of mandamus against a trial judge who had taken the position that he could not apply the doctrine to FELA cases. We directed him to consider the defendant's claim of *forum non conveniens*, but did not instruct him as to the result to be reached. We listed six factors for consideration, as follows:

(1) "place of accrual of the cause of action"

(2) "location of witnesses"

(3) "the residence of the parties"

(4) "any nexus with the place of suit"

(5) "the public factor of the convenience to and burden upon the court and"

(6) "the availability to plaintiff of another court with jurisdiction of the cause of action which affords him a forum for his remedy". *Riederer*, 454 S.W.2d at 39.

■ The present defendant moved for dismissal of this action pointing out that the accident sued on occurred at Wichita, Kansas, 20 miles from the plaintiff's home and 446 miles from the place of trial, that the eyewitness resided there, that the treating physicians were in Wichita, and that the only connections with St. Louis were the presence of the defendant railroad's principal office, and the office of the plaintiff's attorney there. The trial court

denied the motion and writ relief was refused. The motion was renewed before the judge to whom the case was assigned for trial, and denied by him. Error was assigned in the motion for new trial.

A discussion of basic principles should be helpful. The plaintiff, initially, may select the forum by filing suit in any venue allowed by law. The right of choice of forum, however, is not absolute. A suit is subject to dismissal if it is filed in a forum which is manifestly inconvenient. The court, in ruling upon the issue, may consider the convenience of the parties, as well as its own convenience. The people of Missouri are not obliged to make their courts available for lawsuits in which there is no significant Missouri nexus.

The decision on the question of dismissal for inconvenient forum involves a weighing of the factors set out in *Riederer*. For this reason, the decision is one which is largely committed to the discretion of the trial court. Discretion, however, is not synonymous with whim. The discretion is a controlled discretion. Trial courts are obliged to give attention to the doctrine and to dismiss cases which have no tangible relationship to Missouri.

An instructive case is *Elliott v. Johnson*, 292 S.W.2d 589 (Mo.1956). There we held that the trial court properly dismissed a suit brought in Vernon County, Missouri arising out of an automobile accident in Crawford County, Kansas, in which all parties to the suit were residents of Kansas. The opinion said that there was an adequate forum in Kansas, and that suit was brought in Missouri only for tactical reasons. 292 S.W.2d at 593–594. The court considered it of little significance that Missouri and Kansas courts were quite experienced in applying and predicting each other's laws.[1]

Even if the trial court initially overruled a motion to dismiss for inconvenient forum and the appellate court declined to intervene by writ, review after trial is not precluded. Our writs are issued grudgingly, and not to correct discretionary rulings. Inasmuch as interlocutory appellate relief is not available, errors may be asserted on appeal so long as the claim is timely raised in the trial court. A plaintiff takes a risk by proceeding to trial after notice of the defendant's claim of inconvenient forum. *Lowe v. Norfolk & Western Ry. Co.*, 124 Ill.App.3d 80, 79 Ill.Dec. 238, 463 N.E.2d 792, 798 (1984).

Turning to the facts of this case, there is inevitably some inconvenience when there is a long distance between the place of an accident and the place of trial. Eyewitnesses and treating physicians who are unable or unwilling to travel to the trial must be presented through the much less satisfactory method of deposition. Counsel must travel to take depositions at the place of the accident. Investigation may be more difficult, and witnesses located in investigation may not be compelled to appear at trial. There is substantial expense if witnesses are transported to the trial. Trial judges should consider dismissal when any suit for personal injuries is brought at a great distance from the place of the accident, unless there is some nexus with the place of trial.

Convenience of counsel is of minimal significance. We are confident that there is no place in the United States where excellent lawyers qualified to try personal injury cases cannot be found. Almost all American jurisdictions, furthermore, admit out-of-state counsel *pro hac vice*.

Nor is residence of expert witnesses an important consideration. It is to be expected that counsel for both sides will look for experts at or near the place of trial, wherever that may be. In a case involving a large claim, important experts will gladly travel wherever they are needed, for sufficient consideration.

Even though a contrary holding might well be sustained in the future, we are

1. *Loftus v. Lee*, 308 S.W.2d 654 (Mo.1958) is not inconsistent. It turns on the observation that Overland Park, Kansas is a residential suburb of Kansas City, Missouri, and holds that Jackson County is not an inconvenient forum for an accident occurring there.

unable to conclude that the trial judges who ruled on the issue in this case can be said to have committed abuse of discretion in declining to dismiss. A controlling circumstance is that the defendant railroad company was sued in the city in which its general headquarters was located. This location may be considered its residence, and residence is one of the factors highlighted in *Riederer*. A plaintiff is invariably allowed to sue in the place of his or her residence, even though the facts giving rise to the claim happened far away. *See Koster v. American Lumbermen's Mutual Casualty Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 831, 91 L.Ed. 1067 (1947). It is seldom impermissibly inconvenient to sue a defendant at that defendant's place of residence. The defendant cites *Rozansky Feed Co. Inc. v. Monsanto Co.*, 579 S.W.2d 810 (Mo. App.1979), in which the dismissal of a suit for *forum non conveniens* was affirmed even though one of the corporate defendants had its principal office in the county in which suit was brought. The case is distinguishable because there was also a nonresident corporate defendant. The court of appeals, furthermore, sustained an exercise of discretion, just as we do here.

Inasmuch as we now have a trial record, it is proper to consider that record in deciding whether the trial court erred in its ruling. *Barrett v. Missouri Pacific R. Co.*, 688 S.W.2d 397 (Mo.App.1985). The two eyewitnesses testified in person. The defendant produced all but one of its witnesses live. The defendant complains of the lengthy reading of depositions, but these were of the plaintiff's witnesses and treating physicians. Doctors often testify by deposition, even in trials in their home area. We do not discern inconvenience in the trial sufficient to demonstrate abuse of discretion or require reversal.

We have given attention to two relatively recent cases in the Illinois courts which

seem well considered and consistent with our view of *forum non conveniens*. *Wieser v. Missouri Pacific R. Co.*, 98 Ill.2d 359, 74 Ill.Dec. 596, 456 N.E.2d 98 (1983), seems distinguishable from this case only in that the suit was not brought in the jurisdiction in which the railroad had its head office or principal place of business. The court held on interlocutory appeal that the trial court should have dismissed the suit for *forum non conveniens*.[2] *Lowe v. Norfolk & Western Ry. Co.*, 124 Ill.App.3d 80, 79 Ill. Dec. 238, 463 N.E.2d 792 (1984) stressed the element of protection of the local courts in reversing with directions to dismiss, after trial, a multiplicity of suits filed in Madison County, Illinois, but arising out of the leakage of contaminated material following a train wreck in central Missouri.

■■■ We have written at some length in order to indicate that the doctrine of *forum non conveniens* is viable in Missouri as a matter of judicial policy, that the trial courts have a duty to apply it in appropriate cases, that the discretion of the trial court is broad but not unlimited, and that abuse of discretion may be corrected on appeal.[3]

## II.

■■■ A "present value" instruction, telling the jury in essence that a dollar paid today is worth more than a dollar to be paid in the future, has not been specifically authorized in Missouri, either in FELA cases or in other personal injury cases. *Bair v. St. Louis-San Francisco Ry. Co.*, 647 S.W.2d 507 (Mo. banc 1983), *cert. denied Burlington Northern, Inc. v. Bair*, 464 U.S. 830, 104 S.Ct. 107, 70 L.Ed.2d 109 (1983), is the latest of several of our decisions holding that there was no obligation to give such an instruction, in a FELA case, even if request is made. The Supreme Court of the United States denied

---

2. We would now question the holding in *Ingle v. Illinois Central Gulf R. Corp.*, 608 S.W.2d 76 (Mo.App.1980), *cert. denied* 450 U.S. 916, 101 S.Ct. 1359, 67 L.Ed.2d 341 (1981).

3. A court which dismisses a case for *forum non conveniens* should frame its order so as to protect the plaintiff against any attempts to invoke the statute of limitations. *See Wieser v. Missouri Pacific R. Co.*, 98 Ill.2d 359, 74 Ill.Dec. 596, 456 N.E.2d 98 (1983).

certiorari in that case, as it had in other cases involving the same request.

Then, to the surprise of most Missouri lawyers, that Court accepted review of a case in which a present value instruction was requested and denied, *Dickerson v. St. Louis Southwestern Ry. Co.*, 674 S.W.2d 165 (Mo.App.1984), and held that the giving of such an instruction was mandated by federal law when requested. *St. Louis Southwestern Ry. Co. v. Dickerson*, 470 U.S. 409, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985).

The defendant did not request a present value instruction in this case. It now argues that there has been a change in the substantive law governing the case and that it should have the benefit of that change.

We do not agree. In *Bair*, we made it clear that the claim of present value may be the subject of evidence and may be argued to the jury, as a matter of plain fact. The defendant had such a right in this case. It did not put on any expert testimony, but did argue extensively on present value. The principle exists, quite apart from the instruction.

Under our procedural law, the trial court need not give an instruction unless a correct instruction is prepared and requested by counsel. Federal causes are tried in state courts under state procedural rules. The Supreme Court of the United States has the ultimate right to specify the matters about which FELA juries must be instructed, but the parties must make appropriate requests.

The defendant argues that the failure so to instruct amounts to "plain error." We do not agree. The case was properly tried under the procedural rules then in effect. We sympathize with a defendant who does not make a request which would appear to be futile. But there is also a substantial interest in preserving a verdict in a case which was otherwise free from error, and in which the trial judge had absolutely no means of anticipating the requirement which our reviewing court now recognizes. We hold that the failure of a request concludes the defendant.

The defendant argues that the jury was necessarily influenced by the absence of the present value instruction because its verdict awarded the plaintiff the entire amount sought in closing argument, and that plaintiff's counsel asked for $26,000 per year for 37 years without reduction to present value. We cannot exclude the possibility that the jury considered the likelihood of future inflation, or the possibility of promotion. The trial judge allowed the verdict to stand and excessiveness is not argued before us. We are unable to say that the verdict is tainted.

The judgment is affirmed.

ROBERTSON and RENDLEN, JJ., concur.

BILLINGS, J., concurs in result in separate opinion filed.

HIGGINS, C.J., and PRITCHARD, Special Judge, concur in result and in separate concurring in result opinion of BILLINGS, J.

WELLIVER, J., dissents in separate opinion filed.

DONNELLY, J., not sitting.

BILLINGS, Judge, concurring in result.

The principal opinion recognizes and acknowledges that this suit was brought "at the location of the home office of the defendant." This fact, standing alone, forecloses any issue of *forum non conveniens*.

Because I fear some of the language found in the principal opinion would restrict the current policy of vesting discretion in the circuit courts, I cannot subscribe to such a change of policy. So long as plaintiff's selection of the forum complies with the statutes and rules governing venue, the defendant should not be permitted to select the site of suit by an expanded judicial doctrine called *forum non conveniens*. Consequently, I concur only in result.

WELLIVER, Judge, dissenting.

I respectfully dissent. If there is such a thing as a factual situation which would justify the application of the doctrine of forum non conveniens, this would have to be the case.

I cannot join in what I perceive to be the eternal hope held out by the principal opin-

ion to defendants. I would either follow our brothers from Illinois[1] and apply the doctrine of forum non conveniens and stop the building of our "Madison County, Illinois," or I would frankly admit that *Elliott v. Johnson,* 292 S.W.2d 589 (Mo.1956) is an aberration among our Missouri cases, which otherwise never have applied the doctrine of forum non conveniens to any set of facts, and would overrule it.

Neither the extensive treatise, nor the purported analysis and test, make the result reached by the majority any more palpable to the defendant. The fact remains that in all of the F.E.L.A. cases reported and in the dozens of cases denied by us on application for original writs, which are not reported, this Court has never applied the doctrine of forum non conveniens to a F.E.L.A. case.[2] Our rulings have not been restricted to the single railroad which happens to have its home office in St. Louis. The city of St. Louis has been and continues to be our "Madison County, Illinois."

---

1. *Wiesner v. Missouri Pacific R. Co.,* 98 Ill.2d 359, 74 Ill.Dec. 596, 456 N.E.2d 93 (1986).

2. *See, e.g., State ex rel. Chicago, Rock Island & Pacific R. Co. v. Riederer,* 454 S.W.2d 36 (Mo. banc 1970); *Hayman v. Southern Pacific Co.,* 278 S.W.2d 749 (Mo.1955); *State ex rel. Southern R. Co. v. Mayfield,* 240 S.W.2d 106 (Mo. banc 1951), *overruled State ex rel. Chicago, Rock Island & Pacific R. Co. v. Riederer,* 454 S.W.2d 36 (Mo. banc 1970); *Ingle v. Illinois Central Gulf R. Co.,* 608 S.W.2d 76 (Mo.App.1980), *cert. denied,* 450 U.S. 916 (1981); *cf. Loftus v. Lee,* 308 S.W.2d 654 (Mo.1958).