**Mary Beth VERCIMAK, Respondent,**

v.

**Michael Peter VERCIMAK, Petitioner.**

**No. WD 40416.**

Missouri Court of Appeals,
Western District.

Dec. 27, 1988.

Craig A. Van Matre, Columbia, for petitioner.

Bruce H. Beckett, Columbia, for respondent.

Before FENNER, P.J., and
MANFORD and COVINGTON, JJ.

FENNER, Judge.

This appeal is from the dismissal on the basis of the "forum non conveniens" doctrine of a motion seeking to modify a decree of dissolution.

The marriage of appellant, Dr. Michael Peter Vercimak and respondent, Mary Beth Vercimak was dissolved by decree of dissolution entered in the Circuit Court of Boone County on March 6, 1978. The decree awarded custody of the parties' minor child, Rebecca, to respondent and appellant was ordered to pay $200.00 per month child support. Subsequently, both parties moved to Illinois, Dr. Vercimak to Mendota, LaSalle County (near Chicago) and Ms. Vercimak to Quincy, Adams County. The record indicates that the original divorce decree was registered in LaSalle County. Both parties continue to reside in those respective counties.

On July 23, 1984, Ms. Vercimak filed a motion to modify the divorce decree in the Circuit Court of Boone County, seeking additional child support. In response, Vercimak's attorney filed a Special Entry of Appearance to Contest Jurisdiction and a Motion to Dismiss for Improper Venue and Lack of Jurisdiction contending that Boone County was an improper venue. The trial court overruled the motion at that time. Subsequently the issues were settled between the parties and the decree was modified by order dated July 1, 1985 which order was corrected on July 23, 1985, by a Nunc Pro Tunc Order. Pursuant to the modification, the amount of child support was increased to $515.00 per month and certain changes in Dr. Vercimak's visitation rights were made. The order also directed Dr. Vercimak to register said order in the State of Illinois to evidence the modification of the original decree. The order of modification was not registered by Dr. Vercimak in LaSalle County until February 20, 1987.

On July 1, 1987, Ms. Vercimak filed a petition in Circuit Court of the Eighth Judicial Circuit of Illinois, Adams County, seeking a registration of the original decree of dissolution from Boone County, Missouri, as well as the July 1, 1985 order modifying the dissolution decree and the July 23, 1985 Nunc Pro Tunc Order. Registration of the judgment was ordered by the Circuit Court of Adams County. Dr. Vercimak sought to have the order of registration set aside because the orders from Boone County had already been registered in LaSalle County, Illinois. Dr. Vercimak's motion to set aside was denied by the Circuit Court in Adams County by order on October 1, 1987.

In September, 1987, prior to the October 1, 1987 order denying Dr. Vercimak's motion to set aside the order of registration, Ms. Vercimak filed a motion in Adams County to modify the 1985 Boone County order which modified the original decree. In this motion to modify Ms. Vercimak sought an increase in the amount of child support. In response Dr. Vercimak filed a motion to stay the proceedings pending his appeal from the Adams County Circuit Court's denial of his motion to set aside the Adams County registration. Dr. Vercimak's motion to stay the proceedings was denied by order of the Adams County Circuit Court on December 18, 1987.

On November 24, 1987, Dr. Vercimak filed a three-count petition in the Circuit Court of Boone County seeking a permanent injunction restraining Ms. Vercimak from proceeding with her motion to modify in Adams County, a judgment that Boone County has exclusive jurisdiction of this matter, and a modification of the dissolution decree as to child support and visitation. Additionally, on November 24, 1987, Dr. Vercimak filed a motion for a temporary restraining order and for a preliminary injunction to prevent Ms. Vercimak from prosecuting any action in a foreign jurisdiction. Said motion for temporary restraining order was denied on November 25, 1987.

On January 29, 1988, Ms. Vercimak filed a motion to dismiss all counts of Dr. Vercimak's petition. A hearing was held in Boone County on February 8, 1988, following which the court found that the Eighth Judicial Circuit, Adams County, Illinois was a more appropriate forum and therefore dismissed Dr. Vercimak's motion for preliminary injunction, sustained Ms. Vercimak's motion to dismiss and ordered the cause dismissed. Dr. Vercimak filed a timely notice of appeal from the decision of the Boone County court.

Dr. Vercimak presents two points on appeal both of which challenge the decision of the Boone County Circuit Court to dismiss his case based on the doctrine of "forum non conveniens". Initially Dr. Vercimak argues that the facts of this case indicate that Boone County is a convenient and appropriate forum and the trial court thus abused its discretion in applying the doctrine of forum non conveniens as the basis for granting Ms. Vercimak's motion to dismiss.

In *State ex rel. Chicago, R.I. & P.R. Co. v. Riederer,* 454 S.W.2d 36, 39 (Mo. banc 1970), the factors to be considered by the trial court in applying the doctrine of forum non conveniens are set forth as follows:

(1) "place of accrual of the cause of action"
(2) "location of witnesses"
(3) "the residence of the parties"
(4) "any nexus with the place of suit"
(5) "the public factor of the convenience to and burden upon the court" and
(6) "the availability to plaintiff of another court with jurisdiction of the cause of action which affords him a forum for his remedy".

*See also, Besse v. Missouri Pacific R. Co.,* 721 S.W.2d 740, 741 (Mo. banc 1986), *cert. den.* 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501; *Barrett v. Missouri Pacific R. Co.,* 688 S.W.2d 397, 399 (Mo.App.1985).

The basic principles regarding the doctrine of "forum non conveniens" were discussed by the court in *Besse, supra.*

"The plaintiff, initially may select the forum by filing suit in any venue allowed by law. The right of choice of forum, however, is not absolute. A suit is subject to dismissal if it is filed in a forum which is manifestly inconvenient. The Court, in ruling upon the issue, may consider the convenience of the parties, as well as its own convenience. The people of Missouri are not obliged to make their courts available for lawsuits in which there is no significant Missouri nexus." 721 S.W.2d at 742.

█ By nature the decision on the question of dismissal for inconvenient forum must be on a case by case basis, *Barrett, supra,* 688 S.W.2d at 399. Because the decision involves a weighing of the factors as set forth in *Riederer,* it is one which is largely committed to the discretion of the trial court. *Besse, supra,* 721 S.W.2d at 742. The discretion, however, is a controlled discretion and trial courts are obligated to give attention to the doctrine and to dismiss cases which have no tangible relationship to Missouri. *Id.*

█ What appears to be at the heart of this matter is Chapter 40, Paragraph 505 of the Illinois Revised Statutes which sets forth guidelines for the amount of support to be paid by a supporting spouse. Paragraph 505 prescribes that when one child is receiving support, the supporting spouse will pay as child support 20% of his net income. Dr. Vercimak's argument suggests that the existence of this Section of the Illinois Statute is Ms. Vercimak's primary motive for filing for a modification in Illinois. He directs this court to a portion of the transcript from the hearing in Boone County on Ms. Vercimak's Motion to Dismiss wherein he claims that Ms. Vercimak admitted that her overriding reason for looking to the courts of Illinois was the fact that the Illinois child-support guidelines were more generous to her than those of Missouri. Dr. Vercimak's basic and underlying argument seems to be that to allow Ms. Vercimak to benefit from the more favorable Illinois child-support guidelines is to allow her to engage in classic forum shopping. What motivates a particular party or which law is more or less favorable to a party is not, however, a factor to be considered in a forum non conveniens analysis. *See, State ex rel. Chicago, R.I. & P.R. Co., supra.*

A review of the factors for consideration in applying a forum non conveniens analysis indicates that the trial court properly applied the doctrine under the facts of the present case. Dr. Vercimak correctly maintains that great deference is to be given to a plaintiff's choice of forum, he being the plaintiff in the Boone County action herein. However, as discussed by

the court in *Besse, supra,* the right to choose a forum is not absolute. Where that forum is manifestly inconvenient and where there is no significant nexus the people of Missouri are not obliged to make their courts available.

Of the six factors to be considered when a party claims that a forum is inconvenient, only the first of those factors, the place where the cause of action accrued, favors Dr. Vercimak. The cause of action did accrue in Boone County as that is the place where the original divorce decree was entered in 1978 and where the 1984 modification took place. Beyond that, however, the remaining factors are not in Dr. Vercimak's favor.

The second factor, the location of witnesses is not in Dr. Vercimak's favor. Witnesses that have within their possession and knowledge information that may affect a decision concerning the modification of child support obligations of Illinois residents are more likely to be located in Illinois.

In regard to the third factor for consideration, both parties are residents of Illinois and have resided there for quite some time. The minor child also is a resident of Illinois and lives with Ms. Vercimak. Therefore, as Ms. Vercimak correctly maintains, the Illinois courts are in a better position to evaluate the rights and responsibilities of the parties because of the familiarity with such things as the cost of living, medical expenses, availability of schools, transportation costs and other similar factors affecting the child's needs.

The fourth factor is not in Dr. Vercimak's favor in that the only significant nexus that exists with Boone County is that it is the place where the original divorce decree was entered and where the 1984 motion to modify was heard. That the parties were once residents of Boone County does not provide a sufficient nexus such that Missouri becomes a more appropriate forum than that of Illinois where both parties currently reside.

In considering the fifth factor there has been no showing of any public factor of convenience to the Missouri court. Furthermore, it would place a burden upon the Missouri court to litigate an issue solely between Illinois residents with no significant interest to protect on behalf of the citizens of the State of Missouri. The record indicates that the last significant action taken in Missouri was in 1984 when the motion to modify was taken up. There is nothing in the record to support appellant's argument that Missouri courts are more familiar with the parties or that the court in Boone County would be more familiar with the issues raised in the pending action.

Finally, the Illinois court clearly has jurisdiction over the parties to this action and therefore Dr. Vercimak is afforded a forum to contest a motion to modify the amount of child support he is presently obligated to pay.

In view of the foregoing it is apparent that the trial court properly exercised its discretion in deciding to dismiss the present case on forum non conveniens grounds. Therefore that decision need not be disturbed on appeal.

In point II, Dr. Vercimak claims that the trial court erred in granting Ms. Vercimak's motion to dismiss based on the doctrine of forum non conveniens because Ms. Vercimak should have been estopped from arguing forum non conveniens grounds as the basis for dismissal. This is so, Dr. Vercimak argues, because in the prior 1985 modification proceeding in Boone County substantial issues were raised concerning jurisdiction and venue which were ruled in favor of Ms. Vercimak so that she should not now be able to claim Boone County is an inconvenient forum. In support of his position Dr. Vercimak cites *Kansas City v. Martin,* 391 S.W.2d 608, 615 (Mo.App.1965). In that case the court, in discussing the doctrine of estoppel, noted that where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a position to the contrary, especially if it is to the preju-

dice of the party who has acquiesced in the position formerly taken by him.

In the 1985 proceeding Dr. Vercimak made a special appearance and filed a motion to dismiss for improper venue and lack of jurisdiction. Ms. Vercimak filed suggestions in opposition to this motion, which in summary, claimed Boone County to be the most convenient forum. In support of his motion Dr. Vercimak filed suggestions claiming that it was much more convenient for him to travel to Quincy, Illinois (Adams County) than to Columbia, Missouri (Boone County). As stated previously, Dr. Vercimak's Motion to Dismiss for Improper Venue and Lack of Jurisdiction was overruled. This does not mean, however, that Ms. Vercimak is estopped from now arguing forum non conveniens grounds as the basis for dismissal.

Ironically, both parties now assume opposite positions from those previously taken in the prior Boone County proceedings. Dr. Vercimak then argued that Boone County was an inconvenient forum and that Quincy, Illinois, Adams County was the most appropriate jurisdiction. Thus it is difficult to establish prejudice on his behalf in the instant proceeding and Dr. Vercimak has not shown that he is or will be prejudiced, other than by paying an increased amount of child support, by Ms. Vercimak's argument. Furthermore, that a motion to modify a divorce decree is in the nature of an independent proceeding and the motion is treated as a petition in an independent proceeding. *Matsel v. Akins*, 624 S.W.2d 180, 182 (Mo.App.1981), *citing, Mahan v. Mahan*, 192 S.W.2d 626, 627 (Mo.App.1946). Thus, what may have prompted the trial court judge in the 1984 motion to modify proceeding to deny the motion to dismiss for lack of venue is not here pertinent. What is important presently is that there now exists, in this particular proceeding, sufficient grounds upon which the trial court judge could find that Boone County is an inconvenient forum. Because Dr. Vercimak's estoppel argument is without merit, point II is ruled against him.

In view of the foregoing, the decision of the trial court is affirmed.

All concur.