Thomas KUIPER, Plaintiff/Appellant,

v.

BUSCH ENTERTAINMENT CORP., Defendant/Respondent.

No. 62138.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 26, 1993.

Steven Z. Routburg, Lander & Berkowitz, St. Louis, for plaintiff/appellant.

Daniel T. Rabbitt, Michael J. Lach, Rabbitt, Pitzer & Snodgrass, St. Louis, for defendant/respondent.

AHRENS, Presiding Judge.

In this personal injury action, plaintiff Thomas Kuiper appeals from the trial court's order granting defendant Busch Entertainment Corporation's "Motion to Dismiss for Forum Non Conveniens." We affirm.

Plaintiff, a resident of Michigan, filed a petition in the St. Louis City Circuit Court alleging that he was injured in a work-related accident on defendant's property in Williamsburg, Virginia. Plaintiff alleged defendant is a "Delaware corporation, registered in, doing business in and maintaining an office for the transaction of its usual and customary business in the City of St. Louis, Missouri." Defendant filed a motion to dismiss the petition on the basis of forum non conveniens. Following a hearing, the trial court granted defendant's motion and ordered the case transferred to the "state court of Virginia which would have jurisdiction for Williamsburg, Virginia."

Plaintiff raises three points on appeal: (1) the trial court abused its discretion in "invoking the doctrine of forum non conveniens at the pre-discovery stage of litigation"; (2) the trial court abused its discretion in "invoking the doctrine of forum non conveniens where the defendant corporation's corporate headquarters was located within the jurisdiction"; and (3) the trial court "improperly applied the doctrine of forum non conveniens to the facts of this case."

Defendant argues this court lacks jurisdiction to consider plaintiff's appeal, because following the trial court's ruling on the motion to dismiss, this court denied plaintiff's application for writ of mandamus, and plaintiff failed to apply for a writ of mandamus in the supreme court. Defendant's assertion that this court lacks jurisdiction was first presented in a motion to dismiss the appeal. That motion was denied. Defendant contends that in allow-

ing plaintiff "to first file a Writ of Mandamus with the Missouri Court of Appeals raising exactly the same issues and thereafter filing an appeal to the exact same Court allows the plaintiff two bites of the same apple at attempting to reverse the trial court's ruling...."

■ We disagree with defendant's contention. This court's denial of plaintiff's application for writ of mandamus was not accompanied by a written opinion indicating the reason or reasons for denial. We note that "[m]andamus is an extraordinary remedy and should not be granted where there is a remedy available through proper appeal." *State ex rel. Boyd v. O'Toole,* 670 S.W.2d 586, 587 (Mo.App. 1984). In this case, challenging the trial court's dismissal through proper appeal to this court is an available remedy. Thus, seeking a writ of mandamus in the supreme court would have been a useless act. Accordingly, this court has jurisdiction over this matter, and we decline to reverse our denial of defendant's motion to dismiss the appeal.

■ In determining a claim of forum non conveniens, a court should consider six factors:

(1) place of accrual of the cause of action,

(2) location of witnesses,

(3) the residence of the parties,

(4) any nexus with the place of suit,

(5) the public factor of the convenience to and burden upon the court, and

(6) the availability to plaintiff of another court with jurisdiction of the cause of action affording a forum for plaintiff's remedy.

*Anglim v. Missouri Pac. R.R. Co.,* 832 S.W.2d 298, 302 (Mo. banc 1992). This is not an exclusive list of facts to be considered. *Id.* at 302–03. "In deciding whether to dismiss, a trial court necessarily must determine facts and, in doing so, weighs evidence and assesses the credibility of witnesses as to the reasons given for selecting or opposing a particular forum." *Id.* at 303. Application of the forum non conveniens doctrine is "fact intensive and the

weight to be accorded any factor is dependent on the circumstances...." *Id.* Accordingly, "trial court discretion is essential." *Id.* "Nevertheless, discretion is not the equivalent of whim; discretion must be applied with control." *Id.* On appeal, "discretionary rulings are presumed correct, and the appellant bears the burden of showing an abuse of discretion." *Id.*

In support of its position, plaintiff cites *Besse v. Missouri Pac. R.R. Co.,* 721 S.W.2d 740, 741 (Mo. banc 1986), in which the supreme court upheld the trial court's refusal to dismiss the case on the basis of inconvenient forum. The *Besse* court found a controlling circumstance under the facts of that case to be the defendant railroad "was sued in the city in which its general headquarters was located." *Id.* at 743. The *Besse* court noted that it "is seldom impermissibly inconvenient to sue a defendant at the defendant's place of residence." *Id.* The *Besse* court considered the trial record and concluded there was no "inconvenience in the trial sufficient to demonstrate abuse of discretion or require reversal." *Id.* The court distinguished *Rozansky Feed Co. v. Monsanto Co.,* 579 S.W.2d 810 (Mo.App.1979), which affirmed the dismissal of a suit, even though one of the corporate defendants had its principal office in the county in which suit was brought, on the grounds that in *Besse* there was no nonresident codefendant. *Besse,* 721 S.W.2d at 743. Further, the *Besse* court noted that the *Rozansky* court sustained an exercise of discretion, "just as we do here." *Id.*

■ Each of plaintiff's points requires us to determine whether the trial court abused its discretion in dismissing on the basis of forum non conveniens. No record was made of the proceedings when defendant's motion to dismiss was taken up by the trial court. "The responsibility to provide a meaningful transcript for review devolves upon appellant and the court of appeals cannot consider matters not preserved on the record and contained in an approved transcript." *Volvo Finance North Am. v. Raja,* 754 S.W.2d 955, 957 (Mo.App.1988). Plaintiff did not request

the trial court to make findings. The pleadings alone do not establish any abuse of discretion by the trial court. Without findings or a transcript of the proceedings on defendant's motion to dismiss, we have no further basis on which to review the trial court's decision for an abuse of discretion. Accordingly, plaintiff's points fail.

The trial court's judgment is affirmed.

CRIST and REINHARD, JJ., concur.