**Leeta HERCHERT, Appellant,**

v.

**MARRIOTT CORPORATION,**
**Respondent.**

No. 62716.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 1, 1993.

John A. Lally, Daniel A. Raniere, St. Louis, for appellant.

Alene V. Haskell, Joel I. Dennis, St. Louis, for respondent.

STEPHAN, Judge.

Leeta Herchert appeals from the order of the trial court dismissing her personal injury action against respondent Marriott Corporation for injuries she sustained from a fall on Marriott's premises while a guest at its hotel located in Orlando, Florida. The trial court sustained the Marriott Corporation's motion to dismiss for forum non conveniens. Marriott has also filed its motion with this court to dismiss the appeal. It raises the ground that the trial court's dismissal on the basis of forum non conveniens is not a final judgment subject to appeal. We disagree.

In our recent decision *Kuiper v. Busch Entertainment Corp.*, 845 S.W.2d 697 (Mo. App.1993), we held that an order dismissing a plaintiff's cause of action on the basis of forum non conveniens is a final order subject to review. *Id.* at 699. Thus, we have jurisdiction of the appeal.

That same opinion, however, requires that we affirm the circuit court's order of dismissal. The decision to dismiss on grounds of forum non conveniens is one committed to the sound discretion of the trial court. *Id.* On appeal, "discretionary rulings are presumed correct, and the appellant bears the burden of showing an abuse of discretion." *Id.* (*quoting Anglim v. Missouri Pac. R.R.*, 832 S.W.2d 298, 302 (Mo. banc 1992)). We have no transcript of the circuit court's hearing on the motion to dismiss for forum non conveniens. The record here is a legal file only, consisting solely of the petition, motion to dismiss with affidavits, sundry memoranda, plaintiff's affidavit in opposition to the motion to dismiss, and orders entered subsequently by the trial court pertaining to the motion to dismiss. Appellant has the responsibility to provide us with an appropriate record for review. Rule 81.12(c); *accord Kuiper*, 845 S.W.2d at 699. Appellant did not request the trial court to make findings. *Kuiper*, 845 S.W.2d at 700. The pleadings alone do not establish any abuse of discretion by the trial court. *Id.* Without findings or a transcript of the proceedings on defendant's motion to dismiss, we have no further basis to review the trial court's decision for an abuse of discretion. *Id.*

The judgment of the trial court is affirmed.

GARY M. GAERTNER, P.J., and SMITH, J., concur.