Thomas KUIPER, Appellant,

v.

BUSCH ENTERTAINMENT
CORPORATION,
Appellee.

No. 94–2300.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1994.

Decided Jan. 24, 1995.

Ira M. Berkowitz, of St. Louis, Mo., argued, for appellant.

Daniel Rabbitt, of St. Louis, Mo., argued. Appearing on the brief was (Matthew J. Sauter, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, REAVLEY,* Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Plaintiff Thomas Kuiper appeals from a final order entered in the United States District Court [1] for the Eastern District of Missouri dismissing his complaint with prejudice as untimely under the Virginia statute of limitations, Va.Code Ann. § 8.01–243(A) (Michie 1994). *Kuiper v. Busch Entertainment*

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

*Corp.,* No. 4:93CV1501, 1994 WL 763592 (E.D.Mo. Apr. 5, 1994) (memorandum and order). For reversal, plaintiff argues that the district court erred in holding that the statute of limitations was not tolled from the time when he filed in Missouri state court until the time he filed in federal court, under Virginia's tolling statute, Va.Code Ann. § 8.01–229(E)(3) (Michie 1994). For the reasons discussed below, we affirm the order of the district court.

Plaintiff brought this diversity suit in federal district court alleging work-related injuries resulting from the negligent construction and maintenance of a stairway at Busch Gardens in Williamsburg, Virginia, by defendant Busch Entertainment Corp. Plaintiff alleges that his injuries occurred on or about February 20, 1990.

On February 19, 1992, plaintiff filed an action in Missouri state court based upon the same set of facts alleged in the present case. *Kuiper v. Busch Entertainment Corp.,* No. 922–00561 (Mo.Cir.Ct. Feb. 19, 1992). In response, defendant filed a motion to dismiss the state court action on the ground of forum non conveniens. In a handwritten document entitled "Memorandum for Clerk," the state court granted defendant's motion as follows:

> The Court sustains defendant Busch Entertainment Corporation's Motion to Dismiss for Forum Non Conveniens ruling that the cause is not convenient to this court and the cause is transferred to the state court of Virginia which would have jurisdiction for Williamsburg, Virginia.

*Id.* (Apr. 20, 1992). Plaintiff appealed the dismissal, and the Missouri Court of Appeals affirmed. *Id.,* 845 S.W.2d 697 (Mo.Ct.App. 1993).

On June 30, 1993, plaintiff filed the present action in federal district court. Plaintiff alleges that on July 24, 1993, he voluntarily dismissed his claims in the Missouri state court action.[2] On August 19, 1993, defendant moved to dismiss the federal court action as untimely under the Virginia statute of limitations, Va.Code Ann. § 8.01–243(A).[3] The district court granted defendant's motion, *Kuiper v. Busch Entertainment Corp.,* No. 4:93CV1501, 1994 WL 763592 (E.D.Mo. Apr. 5, 1994) (memorandum and order), and plaintiff appealed.

The district court applied Missouri law to determine the applicable statute of limitations. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941) (federal court exercising diversity jurisdiction applies conflict of law rules of state in which it sits). The district court correctly concluded that Virginia's statute of limitations and, consequently, Virginia's tolling provisions apply to the present case. *Id.* at 2–4; *see also Thompson v. Crawford,* 833 S.W.2d 868, 870–72 (Mo.1992) (en banc) (under Missouri borrowing statute, court is to apply statute of limitations from state where accident and resulting damage occurred; applicable tolling provisions are borrowed as well). The parties do not dispute this conclusion. Virginia has a two-year statute of limitations for personal injury cases. Va.Code Ann. § 8.01–243(A). However, the statute of limitations may be tolled as follows:

> If a plaintiff suffers a voluntary nonsuit as prescribed in Section 8.01–380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irre-

---

**2.** There is nothing in the record to show that plaintiff filed a motion for voluntary dismissal or that the state court ordered such a dismissal. In any case, whether or not plaintiff entered a voluntary dismissal in state court is not essential to our disposition.

**3.** Va.Code Ann. § 8.01–243(A) (Michie 1994) provides:

Unless otherwise provided in this section or by other statute, every accident for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues.

spective of whether they arise under common law or statute.

Va.Code Ann. § 8.01–229(E)(3).

Plaintiff argues that the Missouri state court's order of April 20, 1992, did not dismiss the state court action despite the language "[t]he Court sustains defendant Busch Entertainment Corporation's Motion to Dismiss for Forum Non Conveniens." Plaintiff maintains that the action remained pending by virtue of the language "the cause is transferred to the state court of Virginia which would have jurisdiction for Williamsburg, Virginia." In support of this interpretation of the state court's order, plaintiff cites *Besse v. Missouri Pac. R.R.*, 721 S.W.2d 740, 743 n. 3 (Mo.1986) (en banc) (*Besse*) (a court which dismisses a case for forum non conveniens should frame its order so as to protect the plaintiff against defendant's invocation of the statute of limitations), *cert. denied*, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987). He further contends that he voluntarily dismissed the state court action on July 24, 1993, and that this dismissal was a "voluntary nonsuit" within the meaning of Virginia's tolling provision. Thus, he argues, he had until six months after the alleged voluntary dismissal to file his claims in federal court.

■ Plaintiff's argument fails for several reasons. First, the state court's order of April 20, 1992, constituted a dismissal of plaintiff's state court action. *Acapolon Corp. v. Ralston Purina Co.*, 827 S.W.2d 189, 195 (Mo.1992) (en banc) (a dismissal for forum non conveniens is necessarily a dismissal without prejudice). The facts that plaintiff appealed the state court's specific ruling on defendant's motion to dismiss, and that the state appellate court specifically affirmed the dismissal, belie any claim that the April 20, 1992, order was intended to operate merely as a transfer, rather than a dismissal. *See Kuiper v. Busch Entertainment Corp.*, 845 S.W.2d at 698–700. By contrast, the language in the order purporting to transfer the cause to Virginia state court is a nullity because the Missouri state court had no jurisdiction to order such a transfer. *See, e.g., State ex rel. Juvenile Dep't of Washington County v. Casteel*, 18 Or.App. 70, 523 P.2d 1039, 1041 (1974) ("The authority of every state tribunal is necessarily restricted by the territorial limits of the state in which it is established, and any attempt to exercise authority beyond those limits is an illegitimate assumption of power.") (citing *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1877)). Second, the dismissal was involuntary. In view of plaintiff's contention that the state court's April 20, 1992, order did not constitute a dismissal, plaintiff certainly cannot, and does not, suggest that the dismissal was voluntary. Third, plaintiff could not have voluntarily dismissed his claims on July 24, 1993, because, as we have explained, they had already been involuntarily dismissed; in any case, there is no evidence in the record that the Missouri state court ever entered an order of voluntary nonsuit or dismissal, which is required under the Virginia tolling provision upon which plaintiff relies. Va. Code Ann. § 8.01–229(E)(3).

■ Finally, we consider the impact of footnote 3 in *Besse* on the present case, as urged by plaintiff. In *Besse*, the Missouri Supreme Court stated generally that "[a] Court which dismisses a case for forum non conveniens should frame its order so as to protect Plaintiff against any attempts to invoke the statute of limitations." 721 S.W.2d at 743 n. 3. Footnote 3 was plainly written by the Missouri Supreme Court to provide guidance to the lower Missouri state courts regarding how they should frame their orders when dismissing a case for forum non conveniens. To the extent it was in plaintiff's best interests that the Missouri state courts comply with this directive, we believe it was plaintiff's burden to seek an appropriate remedy from the state courts at the time defendant's motion to dismiss was granted, or on appeal. *See e.g., Wieser v. Missouri Pac. R.R.*, 98 Ill.2d 359, 74 Ill.Dec. 596, 603, 456 N.E.2d 98, 105 (1983) (appellate court conditioned dismissal for forum non conveniens on defendant's waiver of statute of limitations defense and plaintiff's right to file in appropriate forum within one year or be permitted to reinstate action in inconvenient forum if defendant refuses to waive limitations defense) (cited in *Besse*, 721 S.W.2d at 743 n. 3). Having failed to obtain such protection, despite opportunities to request it,

plaintiff is bound by the preclusive effects of the Missouri state court's dismissal order of April 20, 1992, as affirmed on appeal.

Accordingly, we agree with the district court's conclusion that plaintiff's action is barred by the applicable statute of limitations. The order of the district court is affirmed.