STATE ex rel. THE KANSAS CITY
SOUTHERN RAILWAY
COMPANY, Relator,

v.

Honorable William F. MAUER,
and Honorable Thomas H.
Newton, Respondents.

No. WD 56686.

Missouri Court of Appeals,
Western District.

Submitted April 20, 1999.

Decided Aug. 17, 1999.

Harlan D. Burkhead, Kansas City, for Appellant.

Robert H. Gregory, St. Louis, for Respondent.

Before SMART, P.J., ULRICH and LAURA DENVIR STITH, JJ.

PER CURIAM.

The Kansas City Southern Railway Company ("Kansas City Southern") has filed a petition in this court seeking a writ of prohibition, asking this court to prohibit judges of the Jackson County Circuit Court from accepting and exercising jurisdiction in *Terry Baker, et ux. v. The Kan-*

sas *City Southern Railway Company, et al.,* Case No. CV97–7513 in the Circuit Court of Jackson County, Missouri. Kansas City Southern contends that the trial court abused its discretion in refusing to dismiss this case on the ground of *forum non conveniens.*

## Factual Background

On January 6, 1996, Terry Baker, a resident of Foreman, Arkansas, was involved in a collision with a train belonging to Kansas City Southern. The collision occurred at a public crossing in Arkansas. Arkansas law enforcement authorities investigated the accident. Mr. Baker was initially treated in Texarkana, Texas, twenty-nine miles from the accident. He was later confined and treated in a medical facility in Benton, Arkansas.

On March 31, 1997, Mr. Baker and his wife filed suit in Jackson County, Missouri, against Kansas City Southern. In his petition, Mr. Baker alleged that he was injured because of Kansas City Southern's negligence. Mr. Baker asserted that on January 6, 1996, he was operating a truck tractor at the railroad crossing of County Road 25 and Highway 234 in Little River, Arkansas, when a Kansas City Southern train struck him. He further alleged that he suffered serious permanent bodily injuries. Mr. Baker also filed suit against William Sanders,[1] a Kansas City Southern road foreman of engines. Jerry Baker, Terry Baker's wife, filed a derivative claim against Kansas City Southern for loss of the services, society, association and companionship of her husband.

Kansas City Southern filed a motion to dismiss under the doctrine of *forum non conveniens.* In support of its motion, Kansas City Southern listed the following factors for consideration:

1. the cause of action accrued near Alleene, Arkansas, four hundred and fif-

---

1. The parties have not addressed the possible impact of Mr. Sanders' inclusion in the suit on the issues presented or this court's consideration of those issues.

ty-three miles, by rail, from Kansas City, Missouri;

2. witnesses to the collision were located in Arkansas, Louisiana, Texas and possibly Oklahoma;

3. the plaintiffs are Arkansas residents; Kansas City Southern is a resident of both Arkansas and Missouri;

4. the facts giving rise to the lawsuit, a train-truck collision in southern Arkansas, have no material relationship or significant connection with the plaintiffs' chosen forum, Missouri;

5. the courts in Jackson County have a far greater case load than the courts in southern Arkansas;

6. another forum is available because the plaintiffs have until January 6, 1999,[2] to file an action in either the circuit court of Arkansas (fifteen miles from the accident) or the United States District Court for the District of Arkansas (thirty-five miles from the accident);

7. Arkansas is a modified comparative fault state, whereas Missouri is a pure comparative fault state;

8. the opportunity for a jury view of the accident site;

9. the amenability of non-party witnesses to compulsory process; and

10. the cost and convenience to the parties in investigating the accident and making discovery, as well as the ease of access to sources of proof.

Additionally, Kansas City Southern depicts the balancing of various interests graphically:

| FACTOR | ARKANSAS | MISSOURI |
| --- | --- | --- |
| Place of Accident | X | |
| Residence of Plaintiffs | X | |
| Residence of Defendants | | X(amenable to service of process in Arkansas) |
| Place where suit filed | | X |
| Residence of potential witnesses | X(and points further south) | |

| FACTOR | ARKANSAS | MISSOURI |
| --- | --- | --- |
| Residence of people maintaining tracks | X | |
| Residence of train crew | X(Louisiana, south of Arkansas) | |
| Residence of people maintaining train | X(Louisiana, south of Arkansas) | |
| Relative size of court dockets | X | |
| Substantive law applicable to case | X | |
| Familiarity of courts with applicable law | X | |
| Place where plaintiff was treated | X(and Texas) | |
| Location of superiors of train crew | X(Louisiana, south of Arkansas) | |
| Investigation of law enforcement officers | X | |
| Ability to have jury view the scene | X | |
| State authorities having jurisdiction over crossing | X | |

The Bakers opposed Kansas City Southern's motion to dismiss, pointing out that Jackson County, Missouri, is not an inconvenient forum for Kansas City Southern. Kansas City Southern has agents, shops, maintenance facilities, a rail yard and its corporate headquarters within the boundaries of Jackson County. Moreover, Kansas City Southern is considered a resident of Kansas City, Missouri, for Missouri and federal venue purposes. Terry Baker's affidavit represented that he was willing to be deposed and submit to a medical exam in Kansas City, Missouri. He also agreed to pay the cost of transporting certain witnesses, co-workers and his supervisor to Kansas City, Missouri, to testify or give depositions. Mr. Baker further stated that his attorneys intend to call Dr. John Ward as his economic loss expert and that Dr. Ward's office is located in Kansas City.

Circuit Judge Thomas H. Newton entered an order denying Kansas City Southern's motion, and the cause was transferred to Circuit Judge William F. Mauer. During the period that the case was before Judge Mauer, Kansas City Southern filed a motion for reconsideration of its motion to dismiss based upon *forum non conveniens*, asking for oral argument. Judge Mauer denied the motion without granting oral argument. The cause was then re-transferred back to Judge Newton. Kan-

2. Kansas City Southern acknowledges that the statute of limitations, if not tolled by this action, may expire while this action is pending. It affirmatively states that should the action be dismissed in Missouri under the doctrine of *forum non conveniens*, it will not raise a statute of limitations defense if the case is refiled in Arkansas.

sas City Southern has filed a petition in this court seeking a writ of prohibition, asking us to prohibit Judge Newton and Judge Mauer from accepting and exercising jurisdiction in this matter.

Kansas City Southern contends that it is entitled to an order prohibiting the Circuit Court from exercising further jurisdiction over the cause because the judges abused their discretion by refusing to dismiss the action under the doctrine of *forum non conveniens*. Specifically, Kansas City Southern claims that the factors to be considered under the law of *forum non conveniens* so clearly preponderate in favor of other potential jurisdictions in which the Bakers should have filed suit, that the trial courts' orders constitute a clear abuse of discretion. Kansas City Southern maintains that trying this case in Missouri would lead to an injustice, as it would be oppressive to Kansas City Southern, and would impose an undue burden on Missouri courts.

### Forum Non Conveniens

■ Missouri courts may refuse to exercise jurisdiction in a case under the doctrine of *forum non conveniens*. This doctrine is applied in cases in which the trial court determines that a case may be brought more conveniently, but still justly, in another forum. *See* 20 Am.Jur.2d *Courts* § 130 (1995).

■ We begin our analysis by noting that a petition for a writ of prohibition may be a proper means to obtain relief from a trial court's order denying dismissal on the ground of *forum non conveniens*. *State ex rel. K–Mart Corp. v. Holliger*, 986 S.W.2d 165, 169 (Mo. banc 1999). Erroneous failure to dismiss on grounds of *forum non conveniens* may also be raised on direct appeal after judgment. *See Besse v. Missouri Pacific R.R. Co.*, 721 S.W.2d 740, 741 (Mo. banc 1986). Because of the broad discretion allowed trial judges on matters of *forum non conveniens*, relief is

not often granted. *Holliger*, 986 S.W.2d at 169. Generally,

> if a court is entitled to exercise discretion in the matter before it, a writ of prohibition cannot prevent or control the manner of its exercise, so long as the exercise is within the jurisdiction of the court. In Missouri, prohibition will not lie to control administrative or ministerial functions, discretionary actions, or legislative powers.

*Id.* (Citations omitted). Nonetheless, prohibition may be appropriate for an abuse of discretion that is so great that it constitutes an act in excess of jurisdiction and creates an injury that cannot be remedied on appeal. *Id.*

■ We presume that discretionary rulings are correct. *Anglim v. Missouri Pac. R.R. Co.*, 832 S.W.2d 298, 303 (Mo. banc 1992). The burden is on Kansas City Southern to show an abuse of discretion. *Id.*

> Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

*Id.*

■ This court will disturb the trial court's decision only when we are convinced that the relevant factors weigh so heavily in favor of dismissing on the ground of *forum non conveniens* that permitting the case to be tried in Missouri would be unjust because a trial would be oppressive to the defendant or impose an undue burden on Missouri courts. The court in *Anglim* identified six factors, as originally set forth in *State ex rel. Chicago, Rock Island & Pac. R.R. Co. v. Riederer*, 454 S.W.2d 36, 39 (Mo. banc 1970), for consideration in *forum non conveniens* matters: (1) place where the cause of ac-

tion accrued; (2) location of witnesses; (3) residence of the parties; (4) nexus with the place of suit; (5) convenience to and burden upon the court; and (6) availability to the plaintiff of another court with jurisdiction of the cause of action providing a forum for plaintiff's remedy. *Anglim,* 832 S.W.2d at 302. This list is not exclusive. *Id.*

Justice Jackson, writing for the U.S. Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), described some of the considerations as follows:

> If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.
>
> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

The weight assigned to each factor to be considered varies because application of *forum non conveniens* is "fact intensive" and depends upon the circumstances of each case. *Connour v. Burlington N. R.R. Co.,* 889 S.W.2d 138, 143 (Mo. App.1994). The motivation of a party, or which law is more favorable to a party, are factors that are not considered in a *forum non conveniens* analysis. *Vercimak v. Vercimak,* 762 S.W.2d 529, 531 (Mo.App. 1988).

Clearly, many of the pertinent factors in this case favor the dismissal of the action on *forum non conveniens* grounds. The only connection with the current forum is the corporate residence of the defendant, and the defendant claims there is nothing about the case which would make Jackson County convenient for either party. Nevertheless, controlling case authority indicates that Missouri courts are very reluctant to find an abuse of discretion in the denial of a dismissal for *forum non conveniens.*

In *Besse,* 721 S.W.2d at 741, the defendant appealed a judgment in favor of the plaintiff, a railroad employee, contending that the trial court should have dismissed the suit under the doctrine of *forum non conveniens.* The accident forming the basis for the suit occurred in Wichita, Kansas, twenty miles from the plaintiff's home and four hundred and forty-six miles from

St. Louis, Missouri, the place of the trial. *Id.*

Noting that there is always a measure of inconvenience where a long distance between the trial and the place of the accident exists, the court suggested that "[t]rial judges should consider dismissal when any suit for personal injuries is brought at a great distance from the place of the accident, unless there is some nexus with the place of trial." *Id.* at 742. However, the *Besse* court did not find that the trial court abused its discretion by refusing to dismiss under the doctrine of *forum non conveniens*. Just as in the present case, the defendant railroad company had its headquarters in the city where the suit was brought. *Id.* at 743. The court explained:

> A controlling circumstance is that the defendant railroad company was sued in the city in which its general headquarters was located. This location may be considered its residence, and residence is one of the factors highlighted in *Riederer*. ... It is seldom impermissibly inconvenient to sue a defendant at that defendant's place of residence.

*Id.*

We fail to see why the residence of the corporate headquarters should always be the "controlling circumstance," when common sense offers strong considerations supporting dismissal. Kansas City Southern points to the decision to dismiss an international trade dispute in *Acapolon Corp. v. Ralston Purina Co.*, 827 S.W.2d 189 (Mo. banc 1992), as an example of the proposition that a defendant's corporate headquarters is not always controlling. In *Acapolon*, a Guatemalan buyer of allegedly defective and inadequate shrimp brought an action against the Missouri parent company of the Guatemalan seller. *Id.* at 191. In affirming the dismissal of the action on the ground of *forum non conveniens*, the court stated that "the factor of residence of the defendant is not inevitably controlling." *Id.* at 193. The court added, "This is especially so when there are other, non-resident defendants." *Id.* On the basis that the case had "predominant foreign elements," the *Acapolon* court distinguished the case from "all other Missouri forum non conveniens cases." *Id.* at 192.

However, subsequent to *Acapolon*, the Supreme Court seemed to reiterate the residence of the corporate headquarters as a key factor when there are no non-resident defendants:

> As stated in *Besse*, it is seldom considered inconvenient to be sued in a defendant's place of residence. 721 S.W.2d at 743. To prevail on a claim that the trial court abused discretion finding the defendant has a Missouri residence or nexus, the defendant must produce substantial evidence clearly demonstrating that the corporate business activities in Missouri are limited or that those activities have no significant relationship to the jurisdiction in which the case is filed.

*Anglim*, 832 S.W.2d at 304.

In *Anglim*, an action brought against a railroad under the Federal Employers' Liability Act, the plaintiff was injured when he slipped at his employer's rail yard in Omaha, Nebraska. *Id.* at 301. He filed suit in St. Louis, Missouri and his employer filed a motion to dismiss on the grounds of *forum non conveniens*. *Id.* Missouri Pacific claimed that all of the witnesses, with the exception of one physician, either worked or resided in the Omaha, Nebraska area. *Id.* None of the affidavits submitted established precisely where Missouri Pacific's principal place of business was located, although defendant admitted it was registered to do business in Missouri and maintained track, offices and repair facilities in both Nebraska and Missouri. *Id.* After discussing the pertinent factors, the court held that the trial court did not abuse its discretion by refusing to dismiss on *forum non conveniens* grounds, although it did note that the motion to dismiss could have been sustained without an abuse of discretion. *Id.* at 305.

When the defendant is sued at its corporate headquarters location, the traditional assumption is that the defendant has no ground to complain of inconvenience. That assumption is not necessarily a valid one. In *Acapolon*, as we have noted, the trial court decision to dismiss was affirmed on appeal. However, it appears that no Missouri appellate court has ever issued a writ *directing* a trial court to dismiss a case on grounds of *forum non conveniens.*

In the latest decision involving *forum non conveniens, State ex rel. K–Mart v. Holliger,* 986 S.W.2d at 166, a Missouri resident was injured on the premises of a K–Mart store in Colorado. She brought her action against K–Mart in Missouri, and served K–Mart's registered agent in Missouri. *Id.* K–Mart moved to dismiss for lack of personal jurisdiction or, in the alternative, on the grounds of *forum non conveniens. Id.* On appeal to the Supreme Court of Missouri of a writ of prohibition granted in the Court of Appeals, the Supreme Court quashed the writ of prohibition, finding that the Missouri courts could properly exercise jurisdiction over K–Mart with regard to the incident occurring in Colorado. *Id.* at 169. The court also refused to affirm a dismissal on alternative grounds of *forum non conveniens.* In analyzing the *forum non conveniens* issue, the court noted that allowing plaintiff to litigate her claim in Missouri would be much more convenient for the plaintiff, because she resides in Missouri and the physician who treated her for her injuries is also present in Missouri. *Id.* at 169–70. The court noted that some of the witnesses resided in Colorado and some resided in Missouri. Therefore, the court found no abuse of discretion in the trial court's refusal to dismiss on grounds of *forum non conveniens. Id* at 170.

This case is distinguishable from *K–Mart* for the obvious reason that in *K–Mart* the plaintiff was a Missouri resident who would have been disadvantaged by requiring her to file her action in Colorado. Here, Arkansas is the home state of the plaintiffs as well as the place at which the injury occurred. We know of no reason that plaintiffs would be disadvantaged by being required to bring an action in his state of residence. In fact, the more expansive the rules of personal jurisdiction are, the more important it becomes for courts to carefully evaluate motions based on *forum non conveniens.* It is very likely that, if the plaintiff in *K–Mart* had been a Colorado resident, the court would have looked differently at a motion to dismiss for *forum non conveniens.*

██ In this case the cause of action accrued in southern Arkansas. The witnesses are located in Arkansas, Texas, Louisiana and Oklahoma. The plaintiffs reside in Arkansas. Arkansas courts are far more familiar with the Arkansas substantive law to be applied to the cause of action. It is also quite possible that, as the trial progresses, it may become apparent that one side or another, or both, are handicapped in being able to secure the attendance of certain witnesses at trial.

However, the trial court judges were entitled to consider, and rely upon, plaintiffs' representations that plaintiffs would pay the cost of transporting certain witnesses to Jackson County for the purpose of trial or depositions, and that plaintiffs would agree to undergo an independent medical examination in Jackson County. We also rely upon plaintiffs' representations in this regard. Accordingly, while we do not believe corporate residence is the sole determinative factor, and while we believe the trial judges could properly have dismissed this action on grounds of *forum non conveniens,* we decline at this point to take the extraordinary measure of directing the trial court to dismiss the action.

### Conclusion

For reasons stated above, the preliminary writ is quashed.